# EXHIBIT T

# EARLY VOTING BALLOT BOARD & SIGNATURE VERIFICATION COMMITEE

## Handbook for Election Judges and Clerks 2020

### FOR USE IN GENERAL, PRIMARY, AND
#### OTHER POLITICAL SUBDIVISION ELECTIONS



**Issued by**

The Office of the Texas Secretary of State, Elections Division
1-800-252-VOTE(8683) or (512) 463-5650

www.sos.state.tx.us
www.VoteTexas.gov

# TABLE OF CONTENTS

**INTRODUCTON**                                                                          i

**CHAPTER 1 – CREATION OF THE EARLY VOTING BALLOT BOARD & SIGNATURE
        VERIFICATION COMMITEE**                                                          1

    SECTION A.  COMPOSITION OF THE EVBB                                1
    SECTION B.  COMPOSITION OF A SIGNATURE VERIFICATION COMMITTEE     2

**CHAPTER 2 — SIGNATURE VERIFICATION COMMITTEE CONVENES**                                1

    SECTION A.   Convening the Signature Verification Committee       4
    SECTION B.   Delivery Of Materials To The Committee               4
    SECTION C.   Receipt For Delivery                                 5
    SECTION D.   Security Of Early Voting Ballots                     6

**CHAPTER 3  — THE EARLY VOTING BALLOT BOARD CONVENES**                                  7

    SECTION A.   Convening the Early Voting Ballot Board              7
    SECTION B.   Delivery of Materials to the Board                   8
    SECTION C.   Receipt for Delivery                                 9
    SECTION D.   Security of Early Voting Ballots                     10

**CHAPTER 4  — QUALIFYING BALLOTS VOTED BY MAIL OR VOTED USING MAIL
        PROCEDURES**                                                                     11

    SECTION A.   Types Of Early Voting Ballot Applications            11
    SECTION B.   Valid Reasons For Voting Early By Mail               11
    SECTION C.   Qualifying Early Voting Ballots Voted By Mail        12
    SECTION D.   Qualifying Signatures for the Signature Verification Committee  15
    SECTION E.   Accepted Ballots                                     16
    SECTION F.   Rejected Ballots                                     18

**CHAPTER 5 — COUNTING HAND-COUNTED PAPER BALLOTS**                                      19

    SECTION A.   Establishing The Counting Teams                      19
    SECTION B.   Opening The Ballot Box Containing Hand-Counted Paper Ballots  19
    SECTION C.   Rules Governing The Counting Procedure               20
    SECTION D.   The Counting Procedure                               20
    SECTION E.   Rules For Counting Manually-Cast Or Hand-Counted Optical Scan Ballots  21
    SECTION F.   Handling The Election Returns For Paper Ballots       24
    SECTION G.   Reporting Early Votes                                27

**CHAPTER 6 — EXAMINING, PREPARING, AND COUNTING VOTED OPTICAL
        SCAN BALLOTS**                                                                   28

SECTION A.   Processing Ballots Counted At Central Counting Station                28
SECTION B.   Delivery Of Ballot Box                                               28

**CHAPTER 7 — RECONVENING EARLY VOTING BALLOT BOARD**                              29

SECTION A.   Establishing The Early Voting Ballot Board To Review Provisional Ballots    29
SECTION B.   Reconvening For Qualifying Late Early Ballots By Mail                 33

**APPENDIX A.  Signature Verification Committee**                                  39
SECTION A.    Questions in Regards to Verifying Signatures                         39
SITUATIONS.                                                                        41

**APPENDIX B.   Early Voting Ballot Board**                                        44
SECTION A.    Questions in Regards to Board                                        44
SITUATIONS.                                                                        48

# INTRODUCTION

The Elections Division of the Secretary of State's Office has prepared this handbook for an overview of the Early Voting Ballot Board and Signature Verification Committee.  This handbook contains a thorough outline of who is able to serve as part of the Early Voting Ballot Board, who is able to serve on the Signature Verification Committee, convening the board/committee, qualifying ballots and counting ballot procedures for the Early Voting Ballot Board and Signature Verification Committee.  It incorporates changes in election laws through the regular session of the 86th Texas Legislature (2019).

The handbook starts at the selection process of the Early Voting Ballot Board and Signature Verification Committee, whether it is for a Primary, General, or a Political Subdivisions Election. Throughout the handbook, references are made to the appropriate section in the Texas Election Code or the Texas Administrative Code, unless otherwise indicated.  Information in *italics* relates to primary elections.

The Elections Division of the Secretary of State's Office is open during the hours that the polls are open for voting on all uniform election dates.  Answers to questions on election law and procedures may be obtained by telephoning the Elections Division toll-free at 1-800-252-2216 or (512) 463-5650.

Please visit us at our Internet home page for additional election information at http://www.sos.state.tx.us.

The Office of the Secretary of State does not discriminate on the basis of race, color, national origin, sex, religion, age, or disability in employment or the provision of services.

# CHAPTER 1

**CREATION OF THE EARLY VOTING BALLOT BOARD & SIGNATURE VERIFICATION COMMITEE**

## SECTION A.  COMPOSITION OF THE EVBB

1. An early voting ballot board (EVBB) shall be created in each election to process early voting results from the territory served by the early voting clerk. [87.001] No matter what type of election an entity is having, they must have an early voting ballot board.

2. The EVBB consists of a presiding judge and at least two other members. The presiding judge of the EVBB is appointed in the same manner as a presiding election judge. Except in the general election for state and county officers, each county chair of a political party with nominees on the general election ballot shall submit to the county election board a list of names of persons eligible to serve on the early voting ballot board. The county election board shall appoint at least one person from each list to serve as a member of the early voting ballot board. The same number of members must be appointed from each list. The other members are appointed by the presiding judge in the same manner as the precinct election clerks. In addition to the members appointed under the general election, the county election board shall appoint the presiding judge from the list provided under that subsection by the political party whose nominee for governor received the most votes in the county in the most recent gubernatorial general election. [87.002]

   **NOTE:** If the county has an elections administrator, or if commissioner's court has transferred the election duties of the county clerk to the county tax assessor collector, he/she will serve as the county election board chair in place of the county clerk. (31.043, 31.072 & 31.073)

   **Recommend: We recommend that the county election board appoint the members of the early voting ballot board for the November 3, 2020 no later than October 1, 2020, to allow time for notice requirements.**

| Type of Election | Presiding Judge | EVBB Clerks |
|---|---|---|
| General Election for State and County Officers | County Election Board --from list provided by political party whose nominee for Gov received the most votes in the county | County Election Board -- from lists provided by political parties (same number from each list) |
| Primary Elections | County Chair of Political Party with approval of County Executive Committee | Presiding Judge of EVBB |
| All Other County ordered elections | Commissioner's Court if no County Election Board is established | Presiding Judge of EVBB |
| All other Elections | Authority ordering election | Presiding Judge of EVBB |

3. To be eligible for appointment to the early voting ballot board, a person must meet the requirements for eligibility for service as a presiding election judge, [32.051] except that the appointee must be a qualified voter of the territory served by the early voting clerk and is not required to be a qualified voter of any other particular territory. [87.003]

4. An EVBB member would be ineligible if, they hold public elective office, opposed candidate in election on the same day, related to an opposed candidate within 2nd degree by blood or marriage, or serving as campaign treasurer/campaign manager for candidate in election.

5. <u>Required Oaths by Early Voting Ballot Board Members</u>: All EVBB members should recite this oath, prior to beginning service on the Board. [87.006]

   <u>For use in Joint Primary Elections, General Election for State and County Officers, Elections ordered by the Governor:</u>

   "I swear (or affirm) that I will objectively work to be sure every eligible voter's vote is accepted and counted, and that only the ballots of those voters who violated the Texas Election Code will be rejected. I will make every effort to correctly reflect the voter's intent when it can be clearly determined. I will not work alone when ballots are present and will work only in the presence of a member of a political party different from my own. I will faithfully perform my duty as an officer of the election and guard the purity of the election."

   <u>For use in all Separate Primary Elections and Other Elections that do not contain Party Affiliation:</u>

   "I swear (or affirm) that I will objectively work to be sure every eligible voter's vote is accepted and counted, and that only the ballots of those voters who violated the Texas Election Code will be rejected. I will make every effort to correctly reflect the voter's intent when it can be clearly determined. I will not work alone when ballots are present. I will faithfully perform my duty as an officer of the election and guard the purity of the election. "

## SECTION B.  COMPOSITION OF A SIGNATURE VERIFICATION COMMITTEE

1. Unlike an EVBB that is mandatory, a Signature Verification Committee (SVC) may be created. There are two ways for this committee to be created. The first way is through the early voting clerk. The early voting clerk has authority for determining whether a signature verification committee is needed. The second way is through a petition that is submitted to the early voting clerk. The petition must contain at least 15 registered voters in the territory in order for the committee to be created. The SVC must consist of not fewer than five members. If more than 12 members are appointed to serve on the signature verification committee, the early voting clerk may designate two or more subcommittees of not less than six members. [87.027]

2. In an election in which party alignment is indicated on the ballot, each county chair of a political party with a nominee or aligned candidate on the ballot shall submit to the appointing authority a list of names of persons eligible to serve on the signature verification committee. The authority shall appoint at least two persons from each list to serve as members of the committee. The same number of members must be appointed from each list. The authority shall appoint the chair of the committee from the list provided by the political party whose nominee for governor received the most votes in the county in the most recent gubernatorial general election. [87.027(d)]

3. The signature verification committee is a group that meets prior to election day to compare the signatures on the applications for ballot by mail to the corresponding carrier envelopes. (87.027) If the early voting clerk determines that a signature verification committee is desirable **or** if the clerk receives a petition signed by 15 registered voters, the clerk shall issue a written order creating the committee. The deadline to submit a petition requesting creation of a signature verification committee for the November 3, 2020 is October 1, 2020. (87.027, 1.006) A request submitted by mail is considered submitted at the time of its receipt by the early voting clerk. The early voting clerk determines the number of members on the committee, providing for a minimum of five (the committee chair and four members). The county election board appoints the members. The party chairs, including the county chairs of the Libertarian and Green Party of Texas, submit lists of eligible persons for appointment to the committee.

4. In order to serve on the committee, a person must be a qualified voter of the entity. **IT is NOT RECOMMENDED that members that serve on the EVBB serve on the SVC. This creates a conflict because if a SVC has determined that the signatures are not those of the same person, the EVBB may make a determination that the signatures are those of the same person by a majority vote of the board's membership. [87.027(j)]**

The county chairs' lists for the appointment of the signature verification committee members are not subject to the June 30th or the July 30th deadline. The county elections board shall appoint the members of the signature verification committee not later than the 5th day after the date the early voting clerk issues the order calling for the creation of the committee OR not later than October 15, 2020, if the committee is created after a valid petition was submitted requesting its creation. We recommend that the signature verification committee be appointed (if needed) by October 10, 2020, to allow time for all necessary notice requirements. Therefore, we recommend that the parties submit the lists to the chair of the county elections board (county clerk or elections administrator) by August 29, 2020, to allow for appointment during the month of September or no later than the October 10, 2020 recommended date. The chair of the signature verification committee is appointed from the list of the party whose candidate for governor received the highest vote in the 2018 gubernatorial election countywide. For the remaining members, the county election board must select at least two qualified individuals from each chair's list. If clerks beyond the minimum requirement are ordered, an equal number must be chosen from each list.

| Type of Election | Chair | SVC Clerks |
|---|---|---|
| General Election for State and County Officers | County Election Board appoints who is the chair, in an election for which the board is established -- from list provided by the county chairs | County Election Board appoints, in an election for which the board is established --from list provided by the county chairs |
| Primary Elections | County Chair of Political Party with approval of County Executive Committee | County Chair of Political Party with approval of County Executive Committee |
| All Other County ordered elections | Commissioner's Court | Commissioner's Court |
| All other Elections | Authority ordering election | Authority ordering election |

# CHAPTER 2

## SIGNATURE VERIFICATION COMMITTEE CONVENES

### SECTION A.  CONVENING THE SIGNATURE VERIFICATION COMMITTEE

1. The early voting clerk shall determine the place, day or days, and hours of operation of the signature verification committee and shall state that information in the order calling for the committee's appointment. A committee may not begin operating before the 20th day before election day. [87.027(f)]

2. The early voting clerk shall post a copy of the order calling for the appointment of the signature verification committee. The copy must remain posted continuously for at least 10 days before the first day the committee meets. [ Sec. 87.027(g)]

3. The committee must complete the following tasks:
   (a) Compare the signature on each carrier envelope certificate (except those signed for a voter by a witness, with the signature on the voter's ballot application to determine whether the signatures are those of the voter). [87.027(i)] The signature verification committee may use electronic copies of the mail ballot application and carrier envelope certificate for comparing signatures.
   (b) The committee may also compare the signatures with any two or more signatures of the voter made within the preceding six years and on file with the county clerks or voter registrar to determine whether the signatures are those of the voter. If ballot materials or ballot applications are recorded electronically as provided by Section 87.126, the signature verification committee may use an electronic copy of a carrier envelope certificate or the voter's ballot application in making the comparison under Section 87.027(i).
   (c) Rejection of signatures must be made by a majority vote of the committee. [87.027(i)]
   (d) The only purpose of the SVC is to compare signatures the EVBB will count the ballot. **THE SVC SHOULD NOT BE COUNTING BALLOTS. [87.027(j)]**

### SECTION B.  DELIVERY OF MATERIALS TO THE COMMITTEE

1. If a signature verification committee is appointed for the election, the early voting clerk shall deliver the jacket envelopes containing the early voting ballots voted by mail to the committee instead of to the early voting ballot board. [Sec. 87.027(h)]

2. The following notices must be posted on an entity's website if available: (HB 933 86R)
   a. Copy of order calling for the appointment
   b. EV Clerk's notice of names and addresses of members
   c. Notice of delivery of ballots

3. Deliveries may be made only during the period of the committee's operation at times scheduled in advance of delivery by the early voting clerk. The clerk shall post notice of the time of each delivery. The notice must remain posted continuously for at least two days before the date of the delivery. [87.027(h)]

4. Postings shall be made on the bulletin board used for posting notice of meetings of the commissioners court, in an election for which the county election board is established or a primary election, or of the governing body of the political subdivision in other elections. [Sec. 87.027(k)]

5.  The committee chair or committee members may request from the voter registrar, county clerk, or election administrator ahead of time signatures that are on file from the past six years. This does not have to be done ahead of time, however our office recommends in order to give the voter registrar, county clerk or election administrator ample time. This may be provided electronically.

6.  In 2017, SB 5 85 R removed the prohibition against the committee using the registration application signature to determine that the signatures are not those of the same person. The bill authorizes the early voting ballot board or signature verification committee to compare a voter's signature on a ballot application or carrier envelope certificate with two or more signatures of the voter made within the preceding six years and on file with the county clerk, in addition to the board's existing authority to make such a comparison with signatures on file with the voter registrar, to determine whether the signatures are those of the same person. The bill removes the prohibition against the board using such signatures on file to determine that the signatures are not those of the same person. The board or the committee may now use the signatures to determine if they are or if they are not that of the same person.

7.  The committee compares signatures on applications and corresponding carrier envelopes only to determine that the signatures on these documents are of the same person or not.  [Sec. 87.027(i)]. The signature verification committee may use electronic copies of the mail ballot application and carrier envelope certificate for comparing signatures. The standard should be whether the two signatures could have been made by the same person. If using electronic signatures to compare, please have a plan in place and use that procedure throughout the duration.

8.  The committee places carrier envelopes and applications that are the signatures of the same person in one container and those that are not of the same person in another separate container.

9.  Committee chair delivers sorted materials to the Board as directed by the presiding judge of the Board.

10. If the signature verification committee has decided that the signatures are from the same person, the Board may not override the committee's decision.  If the signature verification committee has decided that the signatures are not from the same person, the Board may override the committee's decision that the signatures are of the same person by a majority vote of the Board. [Sec. 87.027(j)]

11. A determination that signatures are not from the same person must be made by a majority vote of the committee or subcommittee as applicable.  If the early voting clerk has designated subcommittees within the signature verification committee, the subcommittee makes its signature determinations by a majority vote of the subcommittee members.  [Sec. 87.027(l)] There is nothing in the Election Code that states what constitutes a majority vote. This may be something that is discussed among the committee to determine what constitutes a majority vote. Please note that if the committee has determined what constitutes a majority vote, that the committee use that process throughout the entire process.

12. The Board makes a determination if the signature verification committee cannot determine whether the signatures are made by the same person.

13. **Convening the Committee after election day**. The early voting clerk may determine whether or not the committee will need to reconvene after election day to verify signatures or leave that authority with the early voting ballot board. We recommend that this decision be done prior to election day. If the authority is left with the committee we recommend that the committee coordinates with the board and the early voting clerk for delivery of the jacket envelope ballots by mail.

## SECTION C. RECEIPT FOR DELIVERY

1. Upon delivery of a sealed early voting ballot box, the committee chair of the signature verification committee must inspect the box to determine whether the seals on the box are intact, and whether the numbers on the seals correspond to the numbers indicated on the record of serial numbers prepared by the early voting clerk.  [Secs. 87.062(b), 127.068]

2. If the seals are intact and the numbers match, the committee chair should accept the ballot box and so indicate on the receipt.

3. If the seals are not intact or the numbers do not match, the committee chair should accept the ballot box, but note any discrepancies on the receipt and in his or her records.

## SECTION D. SECURITY OF EARLY VOTING BALLOTS

1. The voted early voting ballots must be secured from the last day of voting by personal appearance at a polling place until the day the ballots are counted.  [T.A.C. Sec. 81.34]

   a. If the signature verification meets before election day, the committee chair shall, upon each adjournment of the board, lock and seal each ballot box prior to delivering the boxes back to the custodian of records.  The chair shall complete a ballot box security form indicating each serial number used to seal each box.  The form shall be signed by the chair and another committee member who has witnessed the procedure.  In a general election for state and county officers, the committee member must be from a different political party than the judge.  The custodian of records shall also sign the form.

   b. The committee chair shall deliver the key(s) used to lock the ballot box(es) to the custodian.  The key shall be retained by the authority designated in accordance with Section 66.060(a) of the Code:

      (1) the sheriff for an election ordered by the governor or county authority or *a primary election*, except that in a year when the office of sheriff is on the ballot, the key shall be delivered to the county judge.  When both these offices are on the ballot, the key shall be delivered to the county auditor or to a designated member of the commissioners court who is not on the ballot and who is appointed by the court, if the county does not have an auditor;

      (2) the chief of police or city marshal for an election ordered by a city authority; or

      (3) the constable of the justice precinct in which the office of the political subdivision is located, or if the office of constable is vacant, the sheriff of the county in which the political subdivision is located if the election is ordered by an authority of a political subdivision other than a city or county**.**

   c. Upon reconvening the committee, the chair shall ensure that each ballot box is intact.  The chair shall follow these procedures each day except upon final delivery to the custodian of records or delivery to the central counting station.

   d. If it is impracticable for the chair to deliver the ballot boxes each day upon adjournment, the authority conducting the election shall submit an alternate security procedure to the Secretary of State for approval.

# CHAPTER 3

## THE EARLY VOTING BALLOT BOARD CONVENES

### SECTION A.  CONVENING THE EARLY VOTING BALLOT BOARD

1. The Early Voting Ballot Board (the "Board") generally meets twice during an election.  First, the Board meets to qualify ballots by mail on election day or after the last day to vote early by personal appearance.  Second, the Board meets after election day to review any provisional ballots and to qualify any mail-in ballots received by the 5th and 6th day after election day from voters casting a ballot from outside the U.S. or military voters who located outside the voter's home county and is on active duty or a spouse of a military person on active duty .

2. The board must convene to complete the following tasks:
   (a) Qualify and Process Regular Ballots by Mail
   (b) Qualify and Process Late Ballots (old and new categories)
   (c) Qualify and Process Provisional Ballots

3. Convening the Board on election day or after early voting by personal appearance ends.

Except as provided below, the Board may meet to qualify and accept ballots at any time after the end of the early voting by personal appearance, but <u>may not count</u> votes until the polls open on election day.  [Secs. 87.024-87.0241]

**NOTES**:

- General rule: May convene at the end of Early Voting by Personal Appearance (3rd day before) to <u>qualify</u> ballots.
- In elections conducted by a county with a population of 100,000 or more <u>and elections held jointly with such a county</u>, the Board may meet to <u>qualify and accept</u> voted mail ballots beginning the end of the 9th day before the last day of the period of early voting.
- If there is a central counting station that has been established, then the ballots will not be sent to the ballot board, but rather to central count.
- The Board like the Committee may also compare signatures with any two or more signatures of the voter made within the preceding six years and on file with the voter registrar.

In 2017, SB 5 85 R removed the prohibition against the board using the registration application signature to determine that the signatures are not those of the same person. The bill authorizes the early voting ballot board or signature verification committee to compare a voter's signature on a ballot application or carrier envelope certificate with two or more signatures of the voter made within the preceding six years and on file with the county clerk, in addition to the board's existing authority to make such a comparison with signatures on file with the voter registrar, to determine whether the signatures are those of the same person. The bill removes the prohibition against the board using such signatures on file to determine that the signatures are not those of the same person. The board or the committee may now use the signatures to determine if they are or if they are not that of the same person.

4. Convening the Board after election day.

a. The Board cannot convene until the 6th day after an election because voters that did not have a valid form of identification when voting have 6 days to: (1) present to the voter registrar a valid photo identification, (2) complete one of the two curing affidavits set out in Section 65.054(b)(2)(B) (consistent religious objection to photographs) or Section 65.054(b)(2)(C) (identification unavailable due to declared natural disaster), or (3) apply for and receive a disability exemption. A board may convene earlier but continue on a rolling basis until the 6th day.

b. In an election held on the date of the general election for state and county officers, the Board must convene no later than the 13th day after the date of the election to count provisional ballots.

c. In all other elections held on dates other than the date of the general election for state and county officers, the Board must convene no later than the 9th day to complete the review of provisional ballots.

d. The Board shall convene on the 9th day after election day or earlier if the early voting clerk certifies that all ballots from outside of the U.S. have been received and all provisional ballots have been processed by the voter registrar. [Sec. 87.125]  If this date falls on a Saturday, Sunday, or legal state or national holiday, the Board convenes on the next regular business day. [Sec. 87.125(c)].

e. *For Primary and Primary Runoff Elections-not earlier than 6 p.m. on the second Tuesday or later than 1 p.m. on the second Friday after election day at the hour specified by the county chair.*

**NOTE**: From time to time, the office of the Secretary of State will amend this time period by administrative rule.  *See* T.A.C. Sec. 81.33.

SEE CHAPTER 7 FOR RECONVENING OF BALLOT BOARD FOR THE PROCESSING AND COUNTING OF PROVISIONAL AND OVERSEAS LATE BALLOTS.

## SECTION B. DELIVERY OF MATERIALS TO THE BOARD

1. The board should obtain from the authority conducting the election a package of supplies, including the following forms:

   a. Oath of Election Judges and Clerks; [Sec. 62.003]

      "I swear (or affirm) that I will not in any manner request or seek to persuade or induce any voter to vote for or against any candidate or measure to be voted on, and that I will faithfully perform my duty as an officer of the election and guard the purity of the election."

   b. Poll List of Early Voting by Mail Voters or Voters Voting by Mail Procedure; [Sec. 87.021]

   c. List of Early Voting Provisional Voters; [T.A.C. Sec. 81.172 – 81.174]

   d. List of Provisional Voters Who Presented Proper Identification to Voter Registrar; [Sec. 65.0541]

   e. Envelope for Rejected Early Voting Ballots; [Sec. 87.043]

   f. Tally Sheets; [Sec. 65.004]

   g. Return Sheets; [Sec. 65.014]

   h. Envelopes for distribution of returns and election records; [Sec. 66.003]

   i. Statement of Compensation; [Sec. 32.094]

   j. List of "ID" Voters; and

   k. Notice of Delivery of Ballots Voted by Mail (if delivered prior to the opening of the polls.

2. The early voting clerk delivers to the board:

a. Each ballot box containing ballots voted by personal appearance;

b. List of Declared Write-In Candidates (if applicable);

c. The early voting clerk's key to each ballot box;

d. The jacket envelopes containing ballots voted by mail and the corresponding applications;

e. The list of registered voters, containing voters' permanent and mailing addresses of record, used in conducting early voting;

f. Notice of Rejection of Early Voted Ballots (to be completed by Judge of Ballot Board);

g. The ballot transmittal form for early voted ballots; and

h. Receipt for each ballot box, to be completed when box received.

3. The custodian of the key to the second lock on the ballot boxes containing ballots voted by personal appearance must deliver his or her key to the presiding officer of the early voting ballot board at his or her request if the Board will be hand counting personal appearance ballots. [Sec. 87.025]

4. If ballots will be counted electronically at the central counting station, then:

- The key and the unopened ballot box should be delivered to the central counting station at the direction of the presiding judge of the central counting station and not to the ballot board, since the law prohibits the ballot board judge from opening the early voting by personal appearance ballot boxes containing ballots that are to be counted by automatic tabulating equipment at a central counting station. [Sec. 87.101]

- If accessible voting equipment (such as direct record electronic equipment ("DREs")) or precinct count optical scan equipment was used for early voting, the ballot board should not process the early voting by personal appearance ballot boxes or voting machines.

5. The custodian of the key is:

-- for county elections, the county sheriff, unless the sheriff is on the ballot, in which case the key is kept by the county judge. If both the sheriff and the county judge are on the ballot, the key is kept by the county auditor, or if there is no county auditor, by a member of the commissioners court, named by the court, who is not on the ballot.

-- for city elections, the chief of police or city marshal.

-- for elections of other political subdivisions, the constable of the justice precinct in which the office of the political subdivision's governing body is located, or if there is no constable in that precinct, the sheriff. [Sec. 66.060(a)]

6. Notice of each delivery to be made prior to the time the polls open on election day must be posted at the main early voting polling place for at least 24 hours immediately preceding the delivery. [Secs. 87.023(b), 87.024(b)]

7. In the general election for state and county officers, if ballots are to be delivered before election day, the early voting clerk must notify the county chair of each political party with a nominee on the ballot at least 24 hours before the first delivery is made. [Secs. 87.023(c), 87.024(c)]

**SECTION C. RECEIPT FOR DELIVERY**

1. Upon delivery of a sealed early voting ballot box, the presiding judge of the early voting ballot board must inspect the box to determine whether the seals on the box are intact, and whether the numbers on the seals

correspond to the numbers indicated on the record of serial numbers prepared by the early voting clerk. [Secs. 87.062(b), 127.068]

2. If the seals are intact and the numbers match, the presiding judge should accept the ballot box and so indicate on the receipt.

3. If the seals are not intact or the numbers do not match, the presiding judge should accept the ballot box, but note any discrepancies on the receipt and in his or her records.

## SECTION D. SECURITY OF EARLY VOTING BALLOTS

1. The voted early voting ballots must be secured from the last day of voting by personal appearance at a polling place until the day the ballots are counted.  [T.A.C. Sec. 81.34]

   a. If the early voting ballot board convenes before election day, the presiding judge shall, upon each adjournment of the board, lock and seal each ballot box prior to delivering the boxes back to the custodian of records.  The judge shall complete a ballot box security form indicating each serial number used to seal each box.  The form shall be signed by the judge and another early voting ballot board member who has witnessed the procedure.  In a general election for state and county officers, the early voting ballot board member must be from a different political party than the judge.  The custodian of records shall also sign the form.

   c. The presiding judge shall deliver the key(s) used to lock the ballot box(es) to the custodian.  The key shall be retained by the authority designated in accordance with Section 66.060(a) of the Code:

      (1) the sheriff for an election ordered by the governor or county authority or *a primary election*, except that in a year when the office of sheriff is on the ballot, the key shall be delivered to the county judge. When both these offices are on the ballot, the key shall be delivered to the county auditor or to a designated member of the commissioners court who is not on the ballot and who is appointed by the court, if the county does not have an auditor;

      (2) the chief of police or city marshal for an election ordered by a city authority; or

      (3) the constable of the justice precinct in which the office of the political subdivision is located, or if the office of constable is vacant, the sheriff of the county in which the political subdivision is located if the election is ordered by an authority of a political subdivision other than a city or county.

   c. Upon reconvening the ballot board, the presiding judge shall ensure that each ballot box is intact.  The presiding judge shall follow these procedures each day except upon final delivery to the custodian of records.

   e. If it is impracticable for the ballot board judge to deliver the ballot boxes each day upon adjournment, the authority conducting the election shall submit an alternate security procedure to the Secretary of State for approval.

# CHAPTER 4

## QUALIFYING BALLOTS VOTED BY MAIL OR VOTED USING MAIL PROCEDURES

### SECTION A. TYPES OF EARLY VOTING BALLOT APPLICATIONS

The early voting ballot board may encounter several types of applications for early voting ballots. There is not only one form that may be used. They include:

1.  The "Application for Ballot by Mail" prescribed by the Secretary of State.  [Secs. 84.001(a), 84.011]

2.  An informal application for a ballot by mail, which is a written request by the applicant that is not made on the official application form prescribed by the Secretary of State.  This application must comply with the statutory requirements for applying for a ballot by mail.  [Sec. 84.001(c)]

3.  The "Application for Limited Ballot" prescribed by the Secretary of State.  [Sec. 112.005]

4.  The "Federal Post Card Application" (FPCA) used by military and overseas citizen voters.  [Sec. 101.003]

5.  The "Application for Presidential Ballot" prescribed by the Secretary of State (only applicable in elections held in November of the presidential election year).  [Sec. 113.003]

6.  The "Application for Emergency Late Ballot Due to Sickness or Physical Disability" prescribed by the Secretary of State.  [Sec. 102.002]

7.  The "Application for Emergency Late Ballot Due to Death" prescribed by the Secretary of State.  [Sec. 103.002]

8.  The "Affidavit for Voting at Main Early Voting Place on Election Day" prescribed by the Secretary of State for voting by disabled voters when electronic voting equipment is being used at the precinct polling place.  [Sec. 104.002]

### SECTION B. VALID REASONS FOR VOTING EARLY BY MAIL

Only the following persons may vote early by mail:

1.  Persons who are 65 years of age or older on election day. [Sec. 82.003]

2.  Persons who have a sickness or physical condition that prevents them from appearing at the polling place on election day without a likelihood of needing personal assistance or injuring their health.  Expected or likely confinement for childbirth on election day is sufficient cause to entitle a voter to vote early by mail on the ground of disability. [Sec. 82.002]

3.  Persons who are confined in jail at the time the application is submitted must be either:

    a.  serving a misdemeanor sentence that ends on or after election day; or

    b.  pending trial or appeal after denial of bail or if release on bail is unlikely until after election day. [Sec. 82.004]

4.  Persons who expect to be absent from the county on election day and during regular early voting hours for that part of the period for early voting remaining after the application is made. [Sec. 82.001]  If this reason for voting early is checked, the address to which the ballot was mailed must be an address outside the county. [Sec. 86.003(c)(1)]

5.  Persons who are certified for participation in the address confidentiality program.

    a.  An application for ballot by mail submitted by a person eligible under Section 82.007 must include:

      i. the name and address at which the person is registered to vote;

     ii.     the substitute post office box designated by the attorney general for the person's use in place of the true residential address; and

    iii.    an indication for each election for which the person is applying for a ballot.

  b.  The information on an application for ballot by mail submitted by a voter related to the **address at which the voter is registered is confidential**, except that it must be disclosed if requested by a law enforcement agency or required under a court order. This application is good for 3 years.

## SECTION C. QUALIFYING EARLY VOTING BALLOTS VOTED BY MAIL

1.  Each jacket envelope will contain:

  a.  an application for an early ballot to be voted by mail (or one of the other application procedures in Section A above that uses mail procedures) [Secs. 86.011(b), (c)];   If FPCA was submitted, jacket envelope must include a copy of the FPCA and the signature cover sheet.

  b.  the envelope in which the application was delivered to the early voting clerk, if applicable; and

  c.  the carrier envelope, which will contain:

    -- a ballot envelope with the ballot inside; and

    -- statements of residence, copy of identification, or other requested items, if applicable. [Sec. 86.002]

2.  Remove the application and carrier envelope from the jacket envelope.

3.  Check the voter's application to be sure that it states a legal ground for voting early by mail (See Section B above).  [Sec. 87.041(b)(3)]

4.  If the reason for voting early by mail is absence from the county, the application must show an address outside the county to which the ballot was mailed.  [Sec. 87.041(b)(5)]

    **NOTE**:  If the application was submitted after the period for early voting by personal appearance began, the application must show that the voter was absent from the county when the application was submitted.  A voter checking expected absence from county and providing an out of county address on the official application is sufficient.

5.  If the grounds for voting by mail is either being 65 or over, or disability, and the applicant has not provided his or her official mailing address as shown on the list of registered voters as the address for mailing his or her ballot, the address provided must be that of a hospital, nursing home, other long term care facility, retirement center, or the address of a relative within the second degree of affinity or third degree of consanguinity with whom the applicant is living.  [Sec. 86.003(c)(3)]

6.  If the reason for voting early by mail is confinement in jail, the address to which the balloting materials must be addressed is that of the jail facility or a relative within the second degree of affinity or third degree of consanguinity.  [Sec. 86.003(c)(2)]

7.  Check to make sure that the address to which the ballot was mailed is one of the following:

  a.  the voter's residence or mailing address indicated on the voter's registration record;

  b.  the facility that the voter is residing at if the voter has indicated on his or her application to vote by mail that the reason for voting is 65 years of age or older or disability and has provided a mailing address that does <u>not</u> match the voter's official residence or mailing address; the facility must be one of the following:

    (1) hospital;

(2) nursing home or long-term care facility;

(3) retirement center; or

(4) relative that is related to the voter by 2nd degree of affinity (by marriage) or the 3rd degree of consanguinity.  Relatives include: parent, child, brother, sister, grandparent, grandchild, great-grandchild, great-grandparent, uncle, aunt, nephew, niece, spouse, spouse's parent, son-in-law, daughter-in-law, brother's spouse, sister's spouse, spouse's brother, spouse's sister and spouse's grandparent.

c.  the jail facility, if the reason for voting by mail is confinement in jail, or the address of a relative listed in Section C. 7. b. above.

d.  an address outside of the county, if the reason for voting by mail is expected absence from the county.

e.  the voter's new address as provided on the enclosed statement of residence if the voter has moved within the county but has failed to update his address with the county voter registrar and is having a ballot mailed to a new residence address. [Secs. 84.002, 86.002, 86.003, 87.041

**NOTE**: Please note that all though you will be looking to ensure that the ballot was mailed to an address, you will not be determining where the voter mails back their ballot. You should not be looking at the delivery postmark.

8.  Check the list of registered voters to ensure applicant is a registered voter. [Sec. 87.041(b)(4)]

**Note:** Due to various address confidentiality laws, some voters will not have a residential address next to their name on the list of registered voters.

a.  If an "S" notation appears next to a voter's name on the list of registered voters, or if the residence address on the application for ballot by mail does not match the residence address on the list of registered voters, the carrier envelope will be stamped "STATEMENT ENCLOSED."  The voter's ballot may NOT be accepted UNLESS a completed, signed Statement of Residence is included in the carrier envelope.  If a completed Statement of Residence is not enclosed, the ballot must be rejected. [Sec. 87.041(b)(6)]

b.  If an "ID" notation appears next to a voter's name on the list of registered voters, the voter's ballot may NOT be accepted unless the voter encloses a copy of one of the documents listed below that establishes the voter's identity:

(1) Texas Driver's License issued by the Department of Public Safety ("DPS");

(2) Texas Election Certificate issued by DPS;

(3) Texas Personal Identification Card issued by DPS;

(4) Texas Handgun License issued by DPS;

(5) United States Military Identification Card containing the person's photograph;

(6) United States Citizenship Certificate containing the person's photograph; or

(7) United States Passport.

**NOTE:** For voter's who are between 18-60 the above ID's may be expired for up to 4 years. For a voter who is 70 years of age or older the above ID may be more 4 years old. Please note some ID's do not have expiration dates such as a Texas Identification Cards for persons aged 60 or older may be permanent and marked "INDEF;"Texas Election Identification Certificates (EIC) for persons aged 70 or older are permanent cards; Some military ID cards are permanent, including Uniformed Services ID cards and Veterans Affairs ID cards.  These

are usually marked "INDEF;" and Certificates of Naturalization and Certificates of Citizenship do not expire.

**If a voter does not possess, and cannot reasonably obtain one of the above acceptable forms of photo identification, the voter may also enclose a copy of one of the supporting forms of identification listed below that establishes the voter's identity along with a signed Reasonable Impediment Declaration:**

- copy or original of a government document that shows the voter's name and an address, including the voter's voter registration certificate (other examples of government documents include, but are not limited to: driver's licenses from other states, ID cards issued by federally recognized Native American tribes (if the ID card contains an address), DPS Receipts (without a photo), expired voter registration certificates, and, for voters aged 18-69, expired Texas DPS-issued driver licenses or personal ID cards);
- copy of or original current utility bill;
- copy of or original bank statement;
- copy of or original government check;
- copy of or original paycheck; or
- copy of or original of (a) a certified domestic (from a U.S. state or territory) birth certificate or (b) a document confirming birth admissible in a court of law which establishes the voter's identity (which may include a foreign birth document).

**NOTE: The address on either a supporting form of ID or an acceptable photo identification does not need to match the address on the list of registered voters.**

**\*If a voter does not have a valid form of photo identification, they may apply for a free election identification certificate at their local Texas Department of Public Safety office. Reminder: (a) if a voter does not possess one of the seven (7) acceptable forms of photo identification, which, for voters aged 18-69, is not expired for more than four years, or, for voters aged 70 and older, may be expired for any length of time but is otherwise valid, and the voter can reasonably obtain one of these forms of identification or (b) if the voter possesses, but did not bring to the polling place, one of the seven forms of acceptable photo identification, which, for voters aged 18-69, is not expired for more than four years, or, for voters aged 70 and older, may be expired for any length of time but is otherwise valid, or (c) if the voter does not possess one of the seven forms of acceptable photo identification, which, for voters aged 18-69, is not expired for more than four years, or, for voters aged 70 and older, may be expired for any length of time but is otherwise valid, could otherwise not reasonably obtain one, but did not bring a supporting form of identification to the polling place; and the voter does not have a permanent disability exemption indicated on their voter registration certificates, the voter may cast a provisional ballot at the polls.**

**Exemption**:  Voters with a disability may apply with the county voter registrar for a permanent exemption. The application must contain written documentation from either the U.S. Social Security Administration evidencing the applicant's disability, or from the U.S. Department of Veterans Affairs evidencing a disability rating of at least 50 percent. In addition, the applicant must state that he or she has no valid form of photo identification. Those who obtain a disability exemption will be allowed to vote by presenting a voter registration certificate reflecting the exemption.

**Provisional Voting:** If a voter (a) does not possess one of the seven (7) acceptable forms of photo

identification, which, for voters aged 18-69, is not expired for more than four years, or, for voters aged 70 and older, may be expired for any length of time but is otherwise valid, and the voter can reasonably obtain one of these forms of identification or (b) possesses, but did not bring to the polling place, one of the seven forms of acceptable photo identification, which, for voters aged 18-69, is not expired for more than four years, or, for voters aged 70 and older, may be expired for any length of time but is otherwise valid, or (c) if the voter does not possess one of the seven forms of acceptable photo identification, which, for voters aged 18-69, is not expired for more than four years, or, for voters aged 70 and older, may be expired for any length of time but is otherwise valid, could otherwise not reasonably obtain one, but did not bring a supporting form of identification to the polling place; and the voter did not present a voter registration certificate with a permanent disability exemption indicated on their voter registration certificate, the voter may cast a provisional ballot at the polls.

The voter will have six (6) calendar days after election day (1) present to the voter registrar an acceptable form of photo identification; (2) if the voter does not possess and cannot reasonably obtain one of the acceptable forms of photo identification, execute a Reasonable Impediment Declaration and present to the voter registrar an acceptable form of supporting identification; (3) complete one of the curing affidavits (consistent religious objection to being photographed or natural disaster exception), if applicable or (4) qualify for a permanent disability exemption, if applicable.

   c.  An application from a voter who is accepted into the Address Confidentiality Program must also include their substitute P.O. Box designated by the Attorney General and an indication for each election for which the person is applying for a ballot.  This application is good for 3 years, unlike a regular ABBM application.

   d.  Certain persons may vote even though they are not registered to vote in your county and their names do not appear on your list of registered voters.  They are:

      (1) Persons applying on Federal Post Card Applications.  The FPCA may be used by persons who are registered voters of your county or who are not registered voters of your county since the federal post card application acts as a temporary registration pending permanent voter registration status (see note below).  [Sec. 101.001]

      (2) Persons applying for limited ballots.  A person who moves from one county to another, and the person is either still registered in the former county of residence or was registered in the former county of residence when the person applied to register in the new county of residence.  He or she may vote in their new county of residence, on offices or propositions that are on the ballot in both their new county and the county of his or her former residence.  [Sec. 112.002]

   f.  If the voter's name does not appear on the list of registered voters and he or she is not categorized in the group of voters listed in "d" above, the presiding judge must refer to the registration correction list, if provided, to see if the voter's name appears on that form.

## SECTION D: QUALIFYING SIGNATURES FOR THE SIGNATURE VERIFICATION COMMITTEE

   1.  Check to see that the certificate on the carrier envelope was properly executed.  The certificate is the statement the voter signs and may include portions filled out by assistants or witnesses.  [Sec. 87.041(b)(1)

2.  Check the signatures of the applicant on the application and on the carrier envelope to confirm that both signatures have been executed by the voter, unless either document was signed by a witness.  [Sec. 87.041(b)(2)]

3.  A voter may use different witnesses/assistants on their application for ballot by mail and on their certificate. If a voter uses a witness, you would not compare signatures and the ballot should be accepted pending all other qualifications.

4.  Section 87.041(e) provides that the Board/Committee may compare signatures with any two or more signatures of the voter made within the preceding six years and on file with the voter registrar, county clerk or elections administrator.  These additional signatures may be used to confirm that the signatures are either those are not those of the same person.  SB 5 (85th Legislature, 1, 2017) This bill removed the prohibition against the committee using the registration application signature to determine that the signatures are not those of the same person. The bill authorizes the early voting ballot board or signature verification committee to compare a voter's signature on a ballot application or carrier envelope certificate with two or more signatures of the voter made within the preceding six years and on file with the county clerk, in addition to the board's existing authority to make such a comparison with signatures on file with the voter registrar, to determine whether the signatures are those of the same person. The bill removes the prohibition against the board using such signatures on file to determine that the signatures are not those of the same person. The board or the committee may now use the signatures to determine if they are or if they are not that of the same person.

5.  If there is no signature on the carrier envelope (by voter or witness), the ballot must be rejected (see Section F of this chapter for disposition of rejected ballots).  [Sec. 87.041(d)] If the signature is not on the certificate but elsewhere on envelope, our office has said the signature is valid.

 -- **EXCEPTIONS**:

a.  If the voter was unable to sign his or her name, the application and/or carrier envelope must each be signed by a witness.  Different people may have witnessed the voter's mark on the application and on the carrier envelope.  If the voter was unable to sign the application and/or carrier envelope himself or herself and one or both were signed by witnesses, then the signature will not be compared.  [Sec. 87.041(b)(2)]

b.  If the voter applied for an early voting ballot on the Application for Late Emergency Ballot Due to Death or the Affidavit for Voting at Early Voting Place on Election Day, the certificate on the carrier envelope does not need to be signed by the applicant.  The carrier envelope will have a notation "103" or "104" written on it by the early voting clerk when the voter applies under these procedures.  [Secs. 103.004(c), 104.004(c)]

> **NOTE:** A voter's witnessed application or witnessed carrier envelope are not invalid merely because there is no explanation of the voter's inability to make his or her mark. A ballot may not be rejected merely because the voter signed either the application or the carrier envelope and the other document was witnessed.

c.  If the voter applied for a ballot on the Application for Late Emergency Ballot Due to Sickness or Disability, the name, address, and signature of the representative who delivered the application to the early voting clerk must appear on the application and on the carrier envelope containing the voted ballot.  The same representative who submitted the voter's application must deliver the voter's ballot back to the early voting clerk, and the same representative's name must appear on both the application and the carrier envelope.  [Secs. 102.002, 102.004(b), 102.006(a), (b)]

d.  Applicants applying for a limited ballot or a presidential ballot also known as a restricted ballot must have two applications if voting this procedure by mail (i.e., the application for early ballot by

16

mail and the application for the "restricted" ballot) enclosed in the jacket envelope.  [Secs. 111.004, 112.005, 113.003]

6.    **Signatures that have been either accepted or rejected need to be separated. If the committee has determined that the signatures are not those of the same person, the board may make a determination that the signatures are those of the same person by a majority vote of the board's membership.**

## SECTION E. ACCEPTED BALLOTS

1.  If the applicant has met all the requirements discussed above, the ballot must be accepted for voting.

2.  Open the carrier envelope without defacing the certificate on the carrier envelope and remove the ballot envelope.  [Sec. 87.042(a)]

    a.  A ballot is considered valid even if it is not enclosed in a ballot secrecy envelope; the voter simply loses his/her secrecy of the votes cast.  [Secs. 86.005(d), 87.042(d)]

    b.  If the front of the carrier envelope has "Statement Enclosed" stamped on it, check to see that the statement of residence form is enclosed.  If the applicant's name appears on the list of registered voters with an "S" notation beside it, the applicant is required to complete the statement of residence prior to voting.  If the completed, signed statement is not enclosed, the ballot must be rejected.  (See Section E of this chapter for disposition of rejected early voting ballots.)  [Sec. 87.041(d)]

    NOTE: It is the position of the Office of the Secretary of State that the lack of a statement of residence form included in the envelope of an FPCA voter does not result in a rejected ballot since the FPCA would act as a temporary registration that would prevail the residence address provided on any previous registration applications already on file.

    c.  If the applicant's name appears on the list of registered voters with an "ID" notation beside it, an applicant who possesses an acceptable form of photo identification is required to submit a copy of acceptable photo identification (or, if the voter does not possess, and cannot reasonably obtain an acceptable form of photo ID, a signed Declaration of Reasonable Impediment (see Form 5-22a) and an acceptable form of supporting documentation, or, if the voter has a voter registration certificate with an "E" notation on it, that), along with their mail ballot, unless the voter checks one of the "Exemptions (If Applicable" boxes on Form 5-22a.

3.  Place the unopened ballot envelope in a ballot box or other safe container.  [Sec. 87.042(b)]

4.  Enter the voter's name on the poll list for early voters voting by mail or list for voters using other mail procedures such as limited ballot.  [Secs. 87.041(c); 102.008; 103.005, 104.006]

    a.  If the voter is an FPCA voter, place a check in the "FPCA" column on the poll list next to the voter's name.  [Sec. 101.004]

    b.  If the voter applied for a limited ballot, place a check in the column marked "Limited Ballot" on the poll list next to the voter's name.  [Sec. 111.008]

    c.  In presidential general elections, if the voter applied for a presidential ballot only, place a check in the column marked "Pres. Ballot" on the poll list next to the voter's name.  [Sec. 111.008]

    d.  If the voter is an overseas citizen voter eligible only for a federal ballot, place a check in the column "Overseas Citizen" on the poll list next to the voter's name.  (Only applicable in *primary* and general elections for state and county officers since these voters are limited to federal offices only.)  [Sec. 111.008]

5. Place the application for the early voting ballot and the envelope that was used to mail the application (if applicable), the carrier envelope, and any accompanying papers back into the jacket envelope. (If the jacket envelope is to be used in a subsequent election, the early voting clerk may provide another envelope to be used in lieu of the jacket envelope.) Place any affidavits, statements of residence, and copies of identification in Envelope No. 4 to be delivered to the Voter Registrar. [Sec. 87.044(a)]

6. At least 10 early voting ballots voted by mail must be qualified before the ballots may be counted. Ballots may be removed for manual, hand counting at any time when there are at least 10 ballot envelopes containing ballots that have been qualified in the ballot box (or other safe container). If ballots are to be counted by electronic equipment, the general custodian of election must transmit the accepted by mail ballots to the presiding judge of the central counting station in a locked and sealed ballot box or other container approved by the Secretary of State.

## SECTION F. REJECTED BALLOTS

1. If the application and carrier envelope do not meet the requirements discussed above, the ballot must be rejected and may not be counted. [Sec. 87.041(d)]

2. Write the word "rejected" on the carrier envelope. [Sec. 87.041(d)]

3. Write the word "rejected" on the corresponding jacket envelope. [Sec. 87.041(d)]

4. Place the unopened carrier envelopes containing rejected ballots in the large envelope or container marked "Rejected Early Voting Ballots." [Sec. 87.043(b)]

5. The "Rejected Early Voting Ballot" envelope must be sealed and signed by the presiding judge, and the date and nature of the election must be written on the envelope. More than one envelope may be used if necessary. Record the number of rejected ballots, which are placed in the envelope for rejected ballots. [Secs. 87.043(a), (b)]

6. If the ballot was rejected after the carrier envelope was opened, the presiding judge should make a note on the carrier envelope of the reason the carrier envelope was opened and then rejected.

7. Place the application, the envelope used to mail the application to the early voting clerk (if applicable), and any accompanying papers or affidavits in the corresponding jacket envelope. (If the jacket envelope is to be used in a subsequent election, the early voting clerk may provide another envelope to be used in lieu of the jacket envelope.) [Sec. 87.044(a)]

   **NOTE**: The Early Voting Ballot Board judge must deliver written notice to the voter of the reason for the rejection of his or her ballot no later than the 10th day after election day. [Sec. 87.0431] If this is not done within 10 days and the ballots have been sent back and placed in a ballot box, a court order will be needed to reopen the ballot box. Please contact our office for sample court orders if needed.

# CHAPTER 5

## COUNTING HAND-COUNTED PAPER BALLOTS

### SECTION A. ESTABLISHING THE COUNTING TEAMS

1.  There may be more than one counting team to tally the early voting ballots.  [Secs. 81.002, 65.001]

2.  Each counting team must consist of two or more early voting ballot board members.  [Secs. 81.002, 65.001]

    a.  One member will be designated the reader.

    b.  The reader may also keep a tally list.

    c.  If there are only two members on a team, one member will keep two tally lists, and the reader will keep one tally list in addition to reading the ballots.

3.  If there is more than one counting team, after all ballots have been counted, the votes for each candidate and/or proposition must be added together with the tallies of the other counting teams, and the totals must be placed on the return sheet.

4.  A member of a counting team may not be replaced after the vote tallying is begun unless each existing discrepancy among the three tally lists is corrected before the replacement is made.  [Secs. 81.002, 65.006(a)]

5.  If a counting member is replaced, he or she must certify the accuracy of the tally list as of the time he or she was replaced.  [Secs. 81.002, 65.006(b)]

### SECTION B. OPENING THE BALLOT BOX CONTAINING HAND-COUNTED PAPER BALLOTS

> **NOTE**: ELECTRONIC BALLOTS CAST IN PERSON ARE NOT TABULATED BY THE EARLY VOTING BALLOT BOARD, BUT RATHER AT A CENTRAL COUNTING STATION.

1.  Open the double-locked ballot box containing the ballots voted by personal appearance.  [Sec. 87.062]

    > **NOTE**:   The early voting clerk will deliver one key to the ballot box when he or she delivers the ballots. The custodian of the second key will deliver the second key at the time specified by the early voting ballot board's presiding judge.  [Secs. 87.021(1), 87.025]

2.  After the presiding judge opens the ballot box, the judge shall remove any provisional ballots and verify the number of provisional ballots in the ballot box, which is reflected on the Early Voting List of Provisional Voters.

3.  The provisional ballots shall be prepared for delivery to the voter registrar and placed in a closed and sealed box for delivery by the general custodian of election records to the voter registrar.  [T.A.C. Sec. 81.174]

4.  All early voting ballots must be sorted by precinct before they are counted so that a separate total of early voting votes cast in each precinct may be obtained.  [Sec. 87.1231]

5.  For political subdivisions using hand-counted paper ballots, early voting ballots cast by personal appearance may be counted while the ballots cast by mail are being qualified if the early voting ballot board consists of enough members.

6.  When at least 10 early voting ballots cast by mail have been qualified and placed in the ballot box or other container, the ballot envelopes may be removed from the box or container, opened, the ballots removed, the ballot envelopes discarded, and the ballots counted.  This process may be repeated any time there are at least 10 ballot envelopes in the box or container.  [Sec. 87.062(a)]

**NOTE**: If there is more than one ballot in a ballot envelope, neither ballot may be counted. The presiding judge must make notation on the back of each ballot of the reason the ballot was not counted. These ballots are then placed with the voted ballots in the early voting ballot box. [Sec. 65.010(a)(2)]

## SECTION C. RULES GOVERNING THE COUNTING PROCEDURE

1. The ballots must be counted separately by precinct. [Sec. 87.1231]

2. Three original tally lists are required for each precinct. [Secs. 65.004, 87.1231] A separate page of the same tally book may be used for each precinct's tally list. These tally lists should be completely filled out, and include the following:

   -- Names and offices of candidates; and/or

   -- Propositions;

   -- Date;

   -- Precinct number;

   -- Type of election;

   -- Name of presiding judge; and

   -- Signature of the person keeping the tally list.

3. Before the counting begins, the early voting Ballot Box should be inspected to ensure that it is empty. It should then be locked and remain locked (except as authorized by the presiding judge), and within view of the counting officials. [Sec. 65.003(c)]

4. No marks should be made on any ballot by an election official, except that if a ballot is not counted because the judge determines it was not provided by the early voting clerk or because two or more ballots were folded together, an election official must indicate on the back of the ballot the reason for not counting it. [Sec. 65.010(c)]

## SECTION D. THE COUNTING PROCEDURE

1. The reader must read and distinctly announce to the officials keeping the tally lists each name of a candidate or proposition for which there is a vote. [Sec. 65.005(a)]

2. The intent of the voter in marking the ballot may be determined by:

   a. a distinguishing mark adjacent to the name of a candidate or voting choice associated with a proposition;

   b. an oval, box, or similar marking clearly drawn around the name of a candidate or a voting choice associated with a proposition;

   c. a line drawn through;

      (1) the names of all candidates in a manner that indicates a preference for the candidate not marked if the names of the candidates not marked do not exceed the number of persons that may be elected to that office;

      (2) a voting choice associated with a proposition in a manner that clearly indicates a preference for the other voting choice associated with the proposition; or

   d. any other evidence that clearly indicates the intent of the voter in choosing a candidate or deciding on a proposition. [Sec. 65.009]

3. As each vote is read, a tally mark is made by the corresponding name or number on the tally lists.  [Sec. 65.005(a)]

4. The tally lists should be compared periodically and any errors or discrepancies corrected.  [Sec. 65.005(b)]

5. When the reader has completely read and announced all the votes on the ballot, he or she deposits the ballot in the locked early voting ballot box.

6. Any voted ballot that is not counted is also deposited in the box containing the counted ballots.  [Sec. 65.012(b)]

   **NOTE**: A ballot that was not counted should contain a clear notation on the back that it was not counted to avoid an accidental counting during a recount, etc.  [Sec. 65.010(c)]

## SECTION E. RULES FOR COUNTING MANUALLY-CAST OR HAND-COUNTED OPTICAL SCAN BALLOTS

(See generally, Chapter 65 and Secs. 64.003-64.006)

1. The voter should mark his or her ballot by placing an "X" or other mark in the square beside each candidate, proposition, or party column for which he or she wishes to vote (See Figure 1).  [Sec. 64.003]

```
+---------------------------------------------------+
|              (Primary Election Ballot)            |
|                   For Governor                    |
|                 □ Candidate A                     |
|                 □ Candidate B                     |
|               *☒ Candidate C                      |
+---------------------------------------------------+
```

```
+------------------------------------------------------------------------------+
|                          (General Election Ballot)                           |
| Candidates for   □ PARTY A    □ PARTY B   □ PARTY C   □ Independent  □ Write-In|
|                                                                              |
| Governor        □ Candidate A  □ Candidate B  *☒ Candidate C                 |
+------------------------------------------------------------------------------+
```

**Figure 1.  Illustrations of marked ballots.**
**(The asterisks indicate the candidates for whom the ballot is counted.)**

2. Election officials shall not refuse to count a ballot because the voter marked his or her ballot by scratching out the names of candidates for whom, or the statement of propositions for which, he or she did not want to vote (See Figure 2). [Sec. 65.009(b)]

| Candidates for | □ PARTY A | □ PARTY B | □ ~~PARTY C~~ | □ INDEPENDENT | □WRITE-IN |
|---|---|---|---|---|---|
| First Office | □~~Candidate~~ | □~~Candidate~~ | □~~Candidate~~ | □~~Candidate~~ | □_____ |
| Second Office | * □Candidate | □~~Candidate~~ | | □~~Candidate~~ | □_____ |
| Third Office | * □Candidate | □~~Candidate~~ | | □~~Candidate~~ | □_____ |
| Fourth Office | * □Candidate | □~~Candidate~~ | | | |
| Fifth Office | * □Candidate | | | | |
| Sixth Office | * □Candidate | | | | |
| Seventh Office | * □Candidate | □~~Candidate~~ | | | |

| | | | | | |
|---|---|---|---|---|---|
| Eighth Office | * ☐ Candidate | ☐ ~~Candidate~~ | | ☐ ~~Candidate~~ | |
| Etc. | | | | | |

**Figure 2.  Illustration of the scratch method.**
**(The asterisks indicate the candidates for whom the ballot is counted.)**

3.  **Figure 2.  Illustration of Guideline No. 1.**
    **Two party squares marked and individual candidates also marked in one or more columns.**
    **(The asterisks indicate the candidates for whom the ballot is counted.)**

| Candidates for | ☐ PARTY A | ☐ PARTY B | ☐ PARTY C | ☐ INDEPENDENT | ☐ WRITE-IN |
|---|---|---|---|---|---|
| First Office | *☒ Candidate | *☒ Candidate | ☐ Candidate | ☐ Candidate | ☐ _____ |
| Second Office | ☐ Candidate | *☒ Candidate | | ☐ Candidate | ☐ _____ |
| Third Office | *☒ Candidate | Candidate | | ☐ Candidate | ☐ _____ |
| Fourth Office | ☐ Candidate | ☐ Candidate | | | |
| Fifth Office | ☐ Candidate | | | | |
| Sixth Office | *☒ Candidate | | | | |
| Seventh Office | ☐ Candidate | ☐ Candidate | | | |
| Eighth Office | ☐ Candidate | *☒ Candidate | | ☐ Candidate | |
| Etc. | | | | | |

Guideline No. 1.  Where more than one candidate square is marked, those votes may not be tallied, and the ballot may be counted only for candidates individually marked, if any. (If there are no candidates individually marked, no portion of the ballot is counted.) [Sec. 65.007(d)]

b.  An entire ballot cannot be voided if the intent of the voter can be determined for any one race or proposition on the ballot. [Sec. 65.009(c)]

c.  <u>An individual vote</u> is not counted in the following situations:

(1)  <u>An individual vote</u> is not counted if the intent of the voter cannot be determined. [Sec. 65.009(c)]

(2)  <u>An individual vote</u> is not counted if the voter marked more than one candidate for one race ("overvote").

In municipal, school board, or other political subdivision elections where it is possible to vote for more than one candidate in the same race, a ballot may not be counted if a voter has marked more candidates than are to be elected. [Sec. 65.011]  A ballot is not invalid if the voter has marked fewer candidates than the number to be elected ("undervote"). [Sec. 65.009]

VOTE FOR NONE, ONE, TWO, OR THREE
☒ Candidate
☒ Candidate

22

☐ Candidate

☐ Candidate

☒ Candidate

☒ Candidate

**Figure 3.  Illustration of overvoting; voter has voted for more candidates
than are to be elected.  (No portion of this ballot is counted.)**

VOTE FOR NONE, ONE, TWO, OR THREE

\*☒ Candidate

☐ Candidate

\*☒ Candidate

☐ Candidate

☐ Candidate

☐ Candidate

**Figure 4.  Illustration of undervoting; voter has voted for fewer candidates
than are to be elected.  (A vote is counted for each candidate receiving a vote.)**

(3) <u>An individual vote</u> is not counted in the following write-in voting situations:

(a) The voter used a sticker or rubber stamp with the name of a write-in candidate printed or written on it. [Sec. 65.008(b)]

(b) *The election is the primary election for the office of precinct chair or county chair*, a November general election, city council officer elections, an independent or common school district trustee election, special elections for state representative and state senator, or other elections where declaration of write-in is required and the voter writes in the name of a person whose name is not on the list of declared write-in candidates.  [Secs. 144.006, 146.031(d), 146.054, 146.055, 146.082, 171.0231 Election Code; Secs. 11.056(c), 11.304, 130.081, 130.0825, Education Code; Sec. 285.131, Health and Safety Code; Secs. 326.0431 & 326.0432, Local Government Code; Secs. 36.059, 49.101, 63.0945, Water Code]

(c) *The election is a primary and the voter writes in a vote for a candidate for public office; only write-in votes for declared candidates for party officer of county chair and precinct chair may be counted. [Sec. 172.112]*

(d) The election is a runoff election and a voter writes in any candidate's name; no write-in votes may be counted at a runoff election. [Sec. 146.002]

(e) The voter voted for the presidential candidate of one party and the vice-presidential candidate of another party or voted for the presidential or vice-presidential candidate of one party and wrote in the name of a candidate he or she desires to vote for instead of that candidate's running mate. [Sec. 192.037]

d. A <u>ballot</u> is not counted in the following situations:

(1) A <u>ballot</u> is not counted if the intent of the voter cannot be determined. [Sec. 65.009] (See Figure 8).

| Candidates for | ☐ PARTY A | ☐ PARTY B | ☐ PARTY C | ☐ INDEPENDENT | ☐ WRITE-IN |
|---|---|---|---|---|---|

23

| | | | | | |
|---|---|---|---|---|---|
| First Office | ☒ Candidate | ☐ Candidate | ☒ Candidate | ☐ Candidate | ☐ _____ |
| Second Office | ☒ Candidate | ☒ Candidate | | ☐ Candidate | ☐ _____ |
| Third Office | ☐ Candidate | ☒ Candidate | | ☒ Candidate | ☒ *John Smith* |
| Fourth Office | ☒ Candidate | ☒ Candidate | | | |
| Fifth Office | ☒ Candidate | | ☒ Candidate | | |
| Sixth Office | ☐ Candidate | ☒ Candidate | ☒ Candidate | | |
| Seventh Office | ☒ Candidate | ☒ Candidate | | | |
| Eighth Office | ☒ Candidate | ☒ Candidate | | ☐ Candidate | |
| Etc. | | | | | |

**Figure 5.  Illustration of lack of knowledge of intent of voter.**
**(No portion of this ballot is counted.)**

(2) A <u>ballot</u> is not counted if two or more ballots are folded together in a manner that indicates they were folded together when deposited in the ballot box by the voter.  [Sec. 65.010(a)(2)]

(3) A <u>ballot</u> is not counted if the ballot is not numbered or not signed by the judge and the judge determines that this ballot was not provided at the polling place.  However, this ballot may be counted if the judge determines that it was provided at the polling place.  [Secs. 65.010(a)(1), (b)]

(4) A provisional ballot found by an election worker not contained within the provisional voter affidavit envelope.  [T.A.C. §§ 81.172-81.174]

Guideline No. 6.  Where the voter marks a candidate but writes in a declared write-in, the write-in vote is counted.

| Candidates for | ☐  PARTY A | ☐  PARTY B | ☐ PARTY C | ☐ INDEPENDENT | ☐ WRITE-IN |
|---|---|---|---|---|---|
| First Office | ☐ Candidate | * ☒ Candidate | ☐ Candidate | | * ☐ *John Smith* |
| Second Office | ☐ Candidate | * ☒ Candidate | | | ☐ _____ |
| Third Office | ☐ Candidate | * ☐ Candidate | | | ☐ _____ |
| Fourth Office | ☒ Candidate | ☒ Candidate | | | |
| Fifth Office | ☐ Candidate | | | | |
| Sixth Office | ☐ Candidate | | | | |
| Seventh Office | ☐ Candidate | * ☐ Candidate | | | |
| Eighth Office | ☐ Candidate | * ☐ Candidate | | | |
| Etc. | | | | | |

**Figure 6.  Casting a write-in vote.  Illustration of Guideline No. 6.**
**(The asterisks indicate the candidates for whom the ballot is counted.)**

Guideline No. 6.  Where voter fails to properly mark an "X" in the write-in box, the write-in vote may be counted if the presiding judge can determine the intent of the voter. [Secs. 52.070(e), 65.009]

## SECTION F.  HANDLING THE ELECTION RETURNS FOR PAPER BALLOTS

1.  Making out the returns.

a. After all ballots are counted, the tally list, including separate totals for precincts, must be totaled and signed by the counting officer keeping it. If more than one officer has kept one particular list, each officer signs the list upon finishing. [Sec. 65.005(c)]

b. Total each tally list to obtain the total number of votes cast for each candidate and/or for or against each proposition. [Sec. 65.005(c)]

c. The presiding judge must make out and sign all copies of the returns. [Sec. 65.014(c)]

d. A separate return sheet must be made for each precinct. [Sec. 87.1231]

e. Election officials should also prepare a summary return sheet to show complete early voting returns for all precincts.

2. Distribution of election returns, poll lists, and tally lists.

a. There must be four copies of the returns for each precinct. [Secs. 65.014(c), 87.1231]

b. There must be three copies of the poll list (or four copies of the combination form). [Sec. 63.003(b)]

c. There must be three originals of the tally list for each precinct. [Secs. 65.004, 87.1231]

3. Five envelopes for distribution of election records are furnished with the supplies.

a. Envelope No. 1 is addressed to the presiding officer of the local canvassing authority. [Sec. 66.003(b)(1)]

  -- County judge (general election for state and county officers or election held by the county).

  -- *County chair (primary election).*

  -- Mayor (municipal election).

  -- Presiding officer of the governing board (other elections).

b. Envelope No. 2 is addressed to the general custodian of election records. [Secs. 66.001, 66.003(b)(2)]

  -- County clerk or county elections administrator (general election for state and county officers, election held by the county, *primary election*).

  -- City clerk or secretary (municipal election).

  -- Secretary of the governing board, or if none, the presiding officer of the governing board (other elections).

c. Envelope No. 3 is addressed to the early voting ballot board judge. [Sec. 66.003(b)(3)]

d. Envelope No. 4 is addressed to the Voter Registrar. [Sec. 66.003(b)(4)]

e. *Envelope No. 5 is addressed to the County Chair.*

4. The records of the election must be distributed as follows:

a. Contents of Envelope No. 1. [Sec. 66.022]

  (1) The original of the election returns of early voting ballots for each precinct.

  (2) One copy of the tally list for each precinct (from each counting team, if applicable).

b. Contents of Envelope No. 2. [Sec. 66.023]

  (1) A copy of the returns of the early voting ballots for each precinct and the summary return.

  (2) A copy of the tally list for each precinct (from each counting team, if applicable).

25

(3) The original of the poll list of early voting voters voting by personal appearance and by mail.

(4) The signature roster.

(5) The precinct early voting list

(6) An affidavits completed at the polling place.

(7) Any certificates of appointment of poll watchers.

c. Contents of Envelope No. 3. [Sec. 66.024]

(1) A copy of the returns of early voting ballots for each precinct and the summary return.

(2) A copy of the poll list of early voters voting by personal appearance and by mail.

(3) A copy of the ballot register.

d. Contents of Envelope No. 4. [Sec. 66.0241]

(l) The precinct list of registered voters.

(2) The registration correction list, if any.

(3) Any Statements of Residence completed at the polling place or by mail or copies of identification submitted by mail.

(4) List of "ID" Voters.

(5) Copy of Combination Form, if used instead of individual affidavits.

e. *Contents of Envelope No. 5.*

-- *Original of the Statement of Compensation, in a primary election.*

f. Contents of early voting ballot box. [Sec. 66.025]

(1) The voted ballots.

(2) A copy of the early voting returns for each precinct and the summary return.

(3) A copy of the tally list for each precinct.

(4) A copy of the poll list of early voters voting by personal appearance and by mail.

5. Manner and time of delivery of records.

a. The presiding judge must deliver Envelope No. 1 in person to the presiding officer of the local canvassing authority, or if that officer is unavailable, to the general custodian of election records. [Sec. 66.051(a)]

b. The presiding judge must deliver Envelope No. 2 and Ballot Box No. 3, the rejected ballot envelope, the jacket envelopes containing the carrier envelopes and applications, and all unused supplies in person to the general custodian of election records. [Sec. 66.051(b)]

c. The presiding judge retains Envelope No. 3. [Sec. 66.051(c)]

d. The presiding judge must deliver Envelope No. 4 in person to the voter registrar, or if that officer is unavailable, to the general custodian of election records for later delivery to the voter registrar. [Sec. 66.051(d)]

e. The judge delivers the keys to the Ballot Box to:

(1) The sheriff for an election ordered by the governor or a county authority or *for a primary election*, unless the sheriff is on the ballot, in which case the keys are delivered to the county judge. If both the sheriff and the county judge are on the ballot, the keys are delivered to the county auditor, or, if there is no county auditor, to a member of the commissioners court, named by the court, who is not on the ballot. [Sec. 66.060(a)(1)]

(2) The chief of police or city marshal for an election ordered by a city authority. [Sec. 66.060(a)(2)]

(3) The constable of the justice precinct in which the governing body's office is located, or if the constable's office is vacant, to the sheriff of the county, for an election ordered by a political subdivision other than a county or city. [Sec. 66.060(a)(3)]

f. *Envelope No. 5 is delivered to the County Chair.*

g. Time.

(1) Records must be delivered to the appropriate authority immediately after the returns are completed. [Secs. 66.053(a), 87.063]

(2) If the judge determines that the ballots will not be counted in time to permit delivery of the records by 2:00 a.m. of the day following the election, he or she must notify the general custodian of election records by telephone between midnight of election day and 1:00 a.m. of the following day of:

-- The vote totals tallied for each candidate and for and against each measure at the time of notification.

-- The expected time of finishing the count. [Secs. 66.053(b), 87.063]

(3) In every election, the early voting ballot board records must be delivered to the appropriate authorities not later than 24 hours after the polls close. [Secs. 66.053(c), 87.063]

6. At the time the early voting ballot board records are delivered, supplies shall be returned to the authority responsible for providing such supplies. The presiding judge shall follow the instructions of such authority regarding the storage or return of empty ballot boxes and their keys and other equipment. [Sec. 87.123]

## SECTION G. REPORTING EARLY VOTES

1. The presiding judge of the Board must deliver the counted ballots, the early voting election returns, other early voting election records, and ballot box keys to the appropriate authorities. [Sec. 87.063]

2. The early voting totals must reflect the number of early votes for each candidate or measure by election precinct. [Secs. 67.004(c), 87.1231]

# CHAPTER 6

## EXAMINING, PREPARING, AND COUNTING VOTED OPTICAL SCAN BALLOTS

### SECTION A. PROCESSING BALLOTS COUNTED AT CENTRAL COUNTING STATION

**NOTE**:     If the ballots are to be delivered to the central counting station before the time the polls are closed on election day, the intervals during the day at which the ballots are to be delivered must be stated in the resolution, order, or other official action authorizing the early deliveries. [Sec. 127.124]

1.  The early voting clerk shall deliver the early voting ballots to the central counting station. This should include the container for the early voting electronic system ballots that are to be counted by automatic tabulating equipment at a central counting station.  This shall be done without opening the container.

2.  The early voting electronic system ballots counted at a central counting station shall be tabulated separately from the ballots cast at precinct polling places and shall be separately reported on returns. [Sec. 87.103]

3.  The general custodian of records shall post a guard to ensure the security of ballot boxes containing voted ballots throughout the period of tabulation at the central counting station. [Sec. 127.1232]

### SECTION B. DELIVERY OF BALLOT BOX.

1.  Poll watchers may accompany election officials delivering ballot container after optical scan mail ballots are qualified. [Sec. 33.060]

    If delivery is made in a vehicle, it is sufficient to allow the watchers to follow in a different vehicle and to drive in such a manner that the watchers are able to keep the delivery vehicle in sight.

2.  The officers must present the ballot box to the presiding judge of the counting station or his or her designee.

3.  The delivering officers must then exchange the ballot box for a signed receipt. [Sec. 127.068(a)]

4.  The rejected ballot envelopes, jacket envelopes containing the carrier envelopes, and any unused supplies are returned to the general custodian of election records.

# CHAPTER 7

## RECONVENING EARLY VOTING BALLOT BOARD

The early voting ballot board must reconvene after the election to review and qualify provisional ballots and to qualify ballots that were cast from outside the United States on or before election day and that are received by the sixth day after election day. The early voting clerk may determine whether or not the committee will need to reconvene after election day to verify signatures or leave that authority with the early voting ballot board. We recommend that this decision be done prior to the election day. If the authority is left with the committee we recommend that the committee coordinates with the board and the early voting clerk for delivery of the jacket envelope ballots by mail. If there is a SVC, the SVC must verify the signatures before the EVBB meets. The SVC would follow the same procedures of when they first convene.

## SECTION A. ESTABLISHING THE EARLY VOTING BALLOT BOARD TO REVIEW PROVISIONAL BALLOTS

The authority appointing the early voting ballot board may determine which members of the board will review and count the provisional ballots. The entire ballot board is not required to be present. A minimum of three members of the board is required to conduct the review.

1. Convening Early Voting Ballot Board.

   a. The presiding judge of the early voting ballot board may convene the board as soon as practicable after the voter registrar has completed the review of the provisional ballots, **or if the voter registrar reviews the provisional ballots in "batches" and releases completed "batches" sequentially, the presiding judge may convene the board as soon as practicable after the voter registrar has completed one or more "batches."** The judge must post a notice on the bulletin board used for posting notices of meetings of the governing body ordering the election no later than 24 hours before each time the board is scheduled to meet. The board may also convene while the voter registrar continues the review.

   b. The early voting ballot board cannot convene a final time until after the 6th day after the election due to Voter ID verification. We recommend to review provisional ballots on a rolling basis.

2. Delivery of Materials To Early Voting Ballot Board.

   a. The board should obtain from the authority conducting the election a package of supplies, including the:

      (1) Return sheets;

      (2) Tally sheets; and

      (3) Envelopes for Accepted and Rejected Ballots.

   b. The general custodian will deliver to the early voting ballot board the Lists of Provisional Voters from each precinct.

3. Delivery of Provisional Ballots.

   a. The early voting ballot board presiding judge shall take receipt of (1) the provisional ballots directly from the voter registrar or the custodian of election records and (2) List of List of Provisional Voters Who Presented Proper Identification to Voter Registrar at a time and place to be determined by the presiding judge and; [Sec. 65.0541]

   b. The presiding judge completes the Verification of Provisional Ballots and Serial Numbers Form by signing at the time of receipt that the seal(s) were intact, the serial numbers of the seal(s) were accurately reflected, and the number of provisional ballots received.

4.  Review of Provisional Ballots.

The early voting ballot board shall review both the election judge's and the voter registrar's notation on each Provisional Ballot Affidavit Envelope to determine whether or not the ballot should be counted as indicated below.

a.  Provisional ballots to be counted:

(1) The ballot shall be counted if the voter failed to submit identification at the polling place, but the voter registrar indicated the voter presented an acceptable form of identification in person at the registrar's office within six calendar days after the date of the election and the voter was otherwise eligible to vote in the election.

(2) The ballot shall be counted if the voter failed to submit identification at the polling place, but the voter registrar indicated on the Provisional Ballot Affidavit Envelope that the voter applied for and received the disability exemption under Section 13.002(i) of the Election Code by the sixth day after election day and the voter was otherwise eligible to vote in the election.

(3) The ballot shall be counted if the voter failed to submit identification at the polling place, but the voter registrar indicated the voter completed one of the two curing affidavits set out in Section 65.054(b)(2)(B) (consistent religious objection to photographs) or 65.054(b)(2)(C) (identification unavailable due to declared natural disaster) no later than the sixth day after election day.

(4) If the election judge indicated that the reason for casting a provisional ballot was that the voter appeared on the list of registered voters as having cast a ballot by mail, and the voter claimed that he never received the mail ballot, or would like to cancel his or her mail ballot, the provisional ballot shall be counted if the voter's mail ballot has not already been received.

(5) If the voter registrar indicated that the provisional voter is registered to vote in the territory holding the election, the ballot shall be counted.

(6) If the voter registrar indicated that the provisional voter is registered to vote, but was erroneously listed in the wrong precinct, the ballot shall be counted.

(7) If the voter was erroneously removed from the voter registration list and is otherwise qualified to vote, the ballot shall be counted.

(8) The voter registrar has information in the office that the voter did complete an application, and the voter is otherwise qualified, the ballot shall be counted.  (For example, evidence that the voter submitted and application at a DPS office or via a volunteer deputy registrar.)

b.  Provisional ballots not to be counted:

(1)  If the election judge indicated that the voter did not provide an acceptable form of identification and the voter registrar noted that the voter did not (1) present an acceptable form of identification to the voter registrar, (2) complete one of the curing affidavits set out in Section 65.054(b)(2)(B), or (3) apply for and receive a disability exemption by the sixth day after election day, then the ballot shall not be counted.

(2)  If the election judge indicated that a voter with a permanent disability exemption to the identification requirements did not submit the registration certificate at the polling place, and the voter registrar notes that the voter failed to (1) present their registration certificate with exemption, (2) present another form of acceptable identification, or (3) apply for and receive a permanent disability exemption by the sixth day after election day, the ballot shall not be counted.

(3) If a voter voted provisionally due to having an outstanding mail ballot that has not yet been cancelled, the provisional ballot shall not be counted <u>if the provisional voter has already voted</u>.

(4) If the voter registrar indicated that the provisional voter is not registered to vote in the territory holding the election or the registration was not effective in time for the election, the ballot shall not be counted.

(5) If the voter registrar indicated that the provisional voter is registered to vote at a different precinct other than the one the voter voted in, the ballot shall not be counted. This is not the case if the county that is part of the countywide polling place program.

(6) If the election judge indicated that the voter was on the list of registered voters, but the voter's registered residence address is outside the political subdivision, the ballot shall not be counted.

(7) If the voter registrar indicated that an incomplete application was received from the provisional voter but the required additional information was not returned, the ballot shall not be counted.

5. Disposition of Accepted or Rejected Ballots.

   a. The presiding judge shall indicate the disposition of each ballot on the provisional voter affidavit envelope.

   b. The presiding judge shall also indicate the disposition of each ballot on the List of Provisional Voters for that precinct.

   c. The ballots to be counted shall be removed from their provisional ballot envelopes (which are sealed in a secrecy envelope). After at least 10 secrecy envelopes have been removed from the provisional ballot envelopes and placed in a separate container, the secrecy envelopes are opened, and the ballots are counted under the normal procedure for counting ballots by mail in an election either by hand counting or by central counting station [See Chapters 5 and 6]. The presiding judge of the early voting ballot board or central counting station shall complete a return sheet of the votes and record them by precinct. The Provisional Voter Affidavit Envelopes are placed in the Envelope for Accepted Voters and delivered to the general custodian of election records.

   d. The Provisional Voter Affidavits Envelopes that are not counted are placed in the Envelope for Rejected Provisional Ballots and delivered to the general custodian of election records.

   e. Rejected Provisional Ballot Affidavit Envelopes may not be opened except by court order. [T.A.C. Sec.81.176 (14)]

6. Counting Paper Ballot Provisional Ballots.

   a. See Chapters 5 and 6 for counting rules.

   b. Once counted, the provisional ballots shall be re-locked and returned to the custodian of election records. The key shall be delivered to the custodian of the key.

   c. If a DRE system is used for provisional voting, the entity conducting the election will direct how provisional ballots are processed.

7. Counting of Provisional Ballots Electronically (optical scan).

   a. The manager of the central counting station shall decide whether the ballot board shall manually count the ballots with the totals manually added to the computer count for a canvass total or whether the central counting station shall reconvene.

31

b. The manager shall send notice to the presiding judge of the ballot board prior to reconvening the board as to whether the ballots are to be counted manually by the board or whether the ballots are to be prepared for delivery to the central counting station.

c. If the ballots are to be counted by the central counting station, the manager must post notice at least 24 hours prior to reconvening the central counting station.  Section 1.006 does not apply.

d. A ballot transmittal form must be completed by the presiding judge of the ballot board.  The transmittal form will accompany the accepted provisional ballots.

e. Prior to the beginning of the count at a central counting station, the manager shall run the required second logic and accuracy test using the same test deck as on Election Day. After the count is complete, the manager shall run the required third logic and accuracy test. If the test is not successful, the count is void.

f. The central counting manager may add the provisional ballots to the original returns by hand in order to provide one complete return sheet, may enter the provisional ballots directly on the electronic voting system to have one final electronic return sheet or may provide a separate return sheet with just provisional ballot vote totals. The return sheets are placed in Envelope No. 2 and delivered to the custodian of election records.

g. The counted provisional ballots and other election materials are returned to the custodian of election records and retained for the appropriate preservation period.

   NOTE:    Since provisional ballots will probably be processed and counted at the same time as the late early voting by mail ballots, additional procedures relating to late ballots pursuant to T.A.C. Sec. 81.37 may also apply.

8. Notice to Provisional Voters.

   Not later than the 10th day after the local canvass, the early voting ballot board's presiding judge shall deliver written notice regarding whether the provisional ballot was counted to the provisional voter, and if the ballot was not counted, the reason the ballot was not counted. The presiding judge shall use the information provided on the affidavit to obtain the proper mailing address for the voter and the final resolution of the provisional ballot.

9. Distribution of Provisional Voting Records.

   a. Custodian of election records receives:

      (1) Lists of Provisional Voters;

      (2) Return sheets;

      (3) Tally Sheets;

      (4) Envelopes for Accepted and Rejected Provisional Ballot Affidavit Envelopes;

      (5) Counted Ballots; and

      (6) Verification of Provisional Ballots and Serial Numbers.

   b. Custodian of the key receives the key to the ballot box after it has been locked.

   c. Presiding officer of the canvassing authority receives:

      (1) Return sheets; and

      (2) Tally Sheets.

## SECTION B. RECONVENING FOR QUALIFYING LATE EARLY BALLOTS BY MAIL

1. Requirements for ballots to be counted late.

   The Board must reconvene to count mail ballots which were:

   a. arrived by 5pm on the day after election and bears a cancellation mark of a common or contract carrier or courier indicting a time not later than 7pm at the location of the election on election day.

   b. cast from outside the United States;

   c. placed in delivery before the polls closed; and

   d. which arrived not later than the 5th day (non military overseas) and 6th day (military) after election day. [Sec. 86.007(d)]

      **NOTE**:  If the 5th of 6th day falls on a weekend day, federal or state holiday, this deadline is extended to the next regular business day.

2. When should the board reconvene?

   a. The general rule is on the 9th day after election day or earlier, if the early voting clerk can determine that all ballots cast from outside the United States have been received.  [Sec. 87.125(a)].

   b. For a general election for state and county officers the date moves to the 13th day after election day, or earlier if the early voting clerk can determine that all ballots cast from outside the United States have been received.  [Sec. 87.125(a-1)].

3. The Carrier Envelope must be:

   a. timely submitted;

   b. properly addressed with postage (no postage is required for FPCA carrier envelopes); and

   c. bear a cancellation mark from a postal service before the polls close or a receipt mark from a common or contract carrier indicating the ballot was received before the polls closed.

4. Additional general provisions.

   a. The presiding judge shall notify the early voting clerk as to the time and place where the board will reconvene.  The notice must be made in time so the early voting clerk may give proper notice of the delivery.  The early voting clerk must post notice of delivery of jacket envelopes and any other accompanying papers to the early voting ballot board at least 24 hours prior to the delivery.  The notice shall be posted at the main early voting polling place.  Section 1.006 does not apply.

   b. The presiding judge shall send notice to the custodian of the key and the custodian of election records to redeliver the ballot box containing the counted ballots and the key to the box.  After the late ballots have been counted, the presiding judge shall lock the late counted ballots in the ballot box.  The presiding judge shall deliver the ballot box to the general custodian of election records and the key to the ballot box to the custodian of the key.

   c. Poll watchers are entitled to be present.

   d. If all mail ballots were received by the close of voting on election day or no ballots were received by the appropriate deadline for the election, the early voting clerk shall certify that fact and deliver the certification to the canvassing board before they convene to canvass the votes. [Sec. 87.125(a)]

5. Special provisions for paper ballots.

a.  Once the ballots have been qualified, the presiding judge shall use the regular method of counting ballots by keeping three new tally sheets, counting by precinct, and having at least two members per tally team.  [Ch. 65, Secs. 87.062, 87.103; T.A.C. § 81.37(b)]

b.  Once the board has counted all the ballots, an original and three copies of the return sheet shall be prepared.

c.  The distribution of the tally sheets and return sheets shall be made in accordance with the Texas Election Code, Subchapter B, Chapter 66.

d.  The canvassing board shall add the returns from both early voting return sheets when canvassing the vote.

6.  Provisions for Electronic Voting Systems. [T.A.C. §§ 81.37(c), 87.103]

a.  The manager of the central counting station shall decide whether the ballot board shall manually count the ballots with the totals manually added to the computer count for a canvass total or whether the central counting station shall reconvene.

b.  The manager shall send notice to the presiding judge of the ballot board prior to reconvening the board as to whether the ballots are to be counted manually by the board or whether the ballots are to be prepared for delivery to the central counting station.

c.  If the ballots are to be counted by the central counting station, the manager must post notice at least 24 hours prior to reconvening the central counting station.  Section 1.006 does not apply.

d.  A ballot transmittal form must be completed by the presiding judge of the ballot board.  The transmittal form will accompany the ballots qualified.

e.  The manager must order a 2nd test to be conducted prior to the count.  The test must be successful.

f.  Poll watchers are entitled to be present.

g.  After the 2nd test is successful, the unofficial election results preserved by electronic means shall be loaded in the tabulating equipment.

h.  The tabulation supervisor shall print a status report before the count is to begin.  This status report shall be compared with the report run on election night.  If the two status reports do not match, the electronic ballots must be counted by hand and the total manually added to the returns printed on election night.

i.  If the status reports match, the tabulation supervisor may order the count to begin.  The precinct returns from these counts may be included with the original precinct counts.  The tabulation supervisor does not need to keep the precinct-by-precinct results of the late ballots separate from other early voted ballots.

j.  Once the ballots have been counted, results shall be prepared in the regular manner.  The manager shall prepare a certification and attach it to the returns, then place both in envelope #1 to be delivered to the presiding officer of the canvassing board indicating that the results supersede any returns printed prior to the reconvening of the central counting station after election day.

k.  After the results have been prepared, a successful 3rd test must be performed.

l.  The results, ballots, and distribution of ballots and all records shall be made in the regular manner.

## APPENDIX A

**This chapter will have examples of questions we see arise for a Signature Verification Committee and examples of situations.**

**A. Questions in regards to verifying signatures:**

1. Do signatures have to be identical?

   As part of the Signature Verification Committee their duty is to compare signatures, however we understand that the SVC are not handwriting experts. With that said it is at the discretion of the committee members to use their best judgment and to verify if these signatures are the same. The committee chair or committee members may request from the county clerk, election administrator, or voter registrar ahead of time signatures that are on file from the past six years. This may be provided electronically. The committee members must use their best judgement if the signatures match. The committee must decide by a majority vote that the signatures are of the same person, or not of the same person. The standard should be whether the two signatures could have been made by the same person.

2. When does the committee need to ask for copies of signatures within the past 6 years from the county clerk?

   There is nothing in the Election code that states when this may be done. The committee members may ask for these documents of voters signatures in advance as long as it is reasonable. We recommend that this may be done within ample time to allow for the clerk to prepare all these documents. Electronic copies of these documents may be sent to the committee. Only committee members can request this.

3. What is a majority vote?

   The Election Code does not state what constitutes as a majority of the SVC. Some counties will determine by the full committee, committee members present, or members of the subcommittees. Our recommendation is that the board comes to an agreement of what constitutes as a majority and that the committeee use that throughout the process.

4. May the SVC keep notes?

   The SVC may not disclose the results of the accepted and rejected ballots. With that, the committee may keep notes. Please keep in mind that these notes are subject to public information requests.

5. Are the carrier envelopes and applications public information?

   Yes. A copy of an application for a ballot to be voted by mail is not available for public inspection, except to the voter seeking to verify that the information pertaining to the voter is accurate, until the first business day after the election day of the earliest occurring election for which the application is submitted. Originals of the applications and carrier envelopes are not available for public inspection until those materials are delivered to the general custodian of election records after the election. [86.014]

6.  Does the SVC separate rejected and accepted ballots?

Yes. The SVC needs to separate the rejected and accepted ballots, because if the SVC has determined that the signatures are not those of the same person, the board may make a determination that the signatures are those of the same person by a majority vote of the board's membership. The EVBB **may not** determine whether a voter's signatures on the carrier envelope certificate and ballot application are those of the same person if the committee has determined that the signatures are those of the same person by the SVC.  [87.027(j)]

7.  When is the earliest the SVC can meet?

The first day the SVC can meet is 20 days before the Election. For November 3 of 2020, the earliest the SVC may meet is October 14, 2020. There is no county population requirement for meeting 20 days before Election Day.

8.  Is there a limit on how many times the SVC may meet?

No. There is no limit on the times the SVC may meet. The clerk shall post notice of the time of each delivery. The notice must remain posted continuously for at least two days before the date of the delivery. [87.027(h)] Postings required by this section shall be made on the bulletin board used for posting notice of meetings of the commissioners court, in an election for which the county election board is established or a primary election, or of the governing body of the political subdivision in other elections. [87.027(k)] The SVC may meet after Election Day to verify signatures of late ballots, however that is to the discretion of the Early Voting Clerk.

9.  May a vacancy be filled if the SVC has conveyed?

Yes. A vacancy on the committee shall be filled by appointment from the original list or from a new list submitted by the appropriate county chair. [87.027(d)]

---

### SITUTATION 1:
### Voter's Signature does not Match

---

1. As part of the Signature Verification Committee their duty is to compare signatures, however we understand that the SVC are not handwriting experts. With that said it is at the discretion of the committee members to use their best judgment and to verify if these signatures are the same. The committee chair or committee members may request from the county clerk, election administrator, or voter registrar ahead of time signatures that are on file from the past six years. This may be provided electronically. The committee members must use their best judgement if the signatures match. The committee must decide by a majority vote that the signatures are of the same person, or not of the same person. The standard should be whether the two signatures could have been made by the same person.

2. A majority vote must be decided by the committee members. For example if there are 5 members you may decide 3 out 5 is a majority, or 4 out of 5. Once decided, the committee needs to be consist with that process. If you have subcommittees they must consist of at least two members each with the chair as the deciding vote.

3. If committee members are unsure whether a signature is that of the voter or not, they should put those aside. The committee may decide if all members will need to look at it as a whole or let the subcommittee's decide amongst themselves. If the committee is unsure of certain signatures, they may request from the county clerk, election administrator or voter registrar copies of signatures that are on file from the past six years.

4. A rejected signature must be decided by a majority vote. If there are subcommittees, the committee needs to decide whether the subcommittees may make a majority vote with the chair as the tie breaker if needed, or if they must put those potential rejected ballots aside and decide as whole which ones should be rejected by a majority.

5. Even if unsure the committee must make a decision whether to accept or reject a signature.

6. If the signature is rejected, the committee must place and separate the rejected and accepted carrier envelopes.

7. Once the committee has accepted and rejected all carrier envelopes, the committee has no authority to review the signatures again once delivered to the general custodian of the election.

---

### SITUATION 2:
### Voter's Signature is not on the Signature Line for the Carrier Envelope

---

1. If a voter's signature does not appear on the signature line also known as the certificate of the carrier envelope, but is located elsewhere on the envelope, then the signature is valid. As long as the signature is somewhere on the envelope, then the signature would be valid.

2. What if the carrier envelope is signed by a witness? If the carrier envelope is witnessed, then there would be no signature the committee would compare to. However, that does not invalidate the signature. A carrier envelope may be witnessed, as long as the portion is completed correctly.

3. What if the ABBM is signed by the voter, but their carrier envelope is witnessed? A voter may complete their ABBM and then have their carrier envelope witnessed. An example of this would be if a person breaks their hand (or an injury that would prevent them from signing) after they submit their ABBM, the voter may have a person witness their carrier envelope. The answer would be the same if a person has someone witness their ABBM, however they signed their carrier envelope. This does not invalidate the signature, as long as the witness portion is completed correctly.

4. What if the signature that is signed by the witness on the carrier envelope and the application for ballot by mail do not match? A voter may have someone witness their application for ballot by mail and their carrier envelope. The voter does not have to use the same witness. As long as the witness has included the print of the person that cannot sign, affix their own signature to the document, print their own name, state their residence address or official title, if election officer. The only time a witness may not fill out their information would be if the witness is a relative within the 2nd degree by affinity or 3rd degree by consanguinity OR witness was physically living in the same dwelling as the voter at the time of witnessing the carrier, Sec. 85.0051(a),(e). If the witness fits under one of these categories, then they would need to include that on the carrier.

---

**SITUATION 3:**
**Committee did not Separate Rejected and Accepted Ballots**

---

1. If the committee does not separate the rejected and accepted carrier envelopes, do they have to start all over? No. If the committee cannot determine what carrier envelopes were accepted and rejected, then they would pass all carrier envelopes to the EVBB. There is nothing in the election code that states the SVC may review all carrier envelopes again. However, the EVBB has authority to review rejected signatures and overturn rejected decisions made by the SVC. [87.027(j)] Therefore, our office recommends that since the EVBB has the authority to review rejected signatures by the SVC that the carrier envelopes be forwarded to the EVBB to review. The SVC may still continue to verify signatures after this.

2. Our office recommends that the SVC comes up with a checklist of (1) what a majority is (2) how the committee will accept and reject signatures (3) how the committee will separate rejected and accepted signatures (4) whether the committee will choose to verify signatures electronically or paper, (5) how the committee will verify signatures if they choose to verify by electronic or paper (6) if using electronic verification, then have a number to call if a technical error occurs (7) if there are any signatures that are questionable, know where to separate them (8) know who is going to sign off on the ballot box for delivery to the general custodian of election and (9) set up a time to deliver the box to the custodian of election.

---

**SITUATION 4:**
**Creating a Subcommittee**

---

1. If more than 12 members are appointed to serve on the signature verification committee, the early voting clerk may designate two or more subcommittees of not less than six members. If subcommittees have been designated, a determination under Subsection (i) of TEC is made by a majority of the subcommittee. [87.027(l)]

2. If the SVC has less than 12 members you still may have a subcommittee. Please keep in mind that the subcommittees need to be even. If there is an election where party alignment is indicated on the ballot, you should take that into consideration when making subcommittees. If possible, try to have different party alignment in each subcommittee. This should be done amongst the committee and before the committee begins verifying signatures. Whatever process is decided should be used throughout the whole verification process.

3. If a subcommittee is created the chair should be the tie breaker, therefore the chair should not be part of a subcommittee.

4. If there are subcommittees, the full signature verification committee needs to decide whether the subcommittees have authority to accept or reject ballots using a majority vote of the subcommittee members. Alternative, the whole committee could decide to give the subcommittee only authority to accept ballots and set aside rejected ballots and decide as whole which ones should be rejected by a majority.

## APPENDIX B

**This appendix will have examples of questions we see arise for an Early Voting Ballot Board and examples of common situations.**

1. **Our entity doesn't have any ballots by mail, do we have to have a ballot board?**

   Yes. All entities must have a ballot board. An early voting ballot board shall be created in each election to process early voting results and provisional ballots from the territory served by the early voting clerk. [87.001] You must always appoint a ballot board because you will not know until Election Day whether there will be provisional ballots that need to be reviewed by the EVBB

2. **May the deputy early voting clerks or election day workers serve on the ballot board?**

   This depends. Our office advises that a deputy early voting clerk may not serve on the EVBB. Duties conflict in scope and time for performance. An election day officer may serve on the EVBB. Please keep in mind that both duties may not be done at the same time.

3. **May the early ballot board members serve on the signature verification committee?**

   Not recommended. Since the ballot board members may override a rejected signature decision by the committee, a ballot board member should not serve on the signature verification committee. [87.027]

4. **Do members from the ballot board have to be from different parties?**

   Yes. The same number of members must be appointed from each list provided by political parties with party affiliation on the ballot. This includes all parties that have nominees on the general election ballot including the Libertarians and Green Party.

5. **What if our county does not have a chair from one of the political parties, what do we do?**

   The party first needs to fill the vacancy of the party chair. Then the chair would be able to provide a list of names. If there is no vacancy filed then the Presiding Judge or County Election Board whichever is applicable should appoint members.

6. **If the EVBB is verifying signatures and not the SVC, when does the board need to ask for copies of signatures within the past 6 years from the county clerk?**

   There is nothing in the Election code that states when this may be done. The board members may ask for these documents of voters signatures in advance as long as it is reasonable. We recommend that this may be done within ample time to allow for the clerk to prepare all these documents. Electronic copies of these documents may be sent to the board.

7. **What is a majority vote?**

The Election Code does not state what constitutes as a majority of the EVBB. Some counties will determine by the full board membership, board members present, or members of the subcommittees. Our recommendation is that the board comes to an agreement of what constitutes as a majority and that the board use that throughout the process.

**8.  May the EVBB keep notes?**

The EVBB may not disclose the results of the accepted and rejected ballots. With that, the board may keep notes. Please keep in mind that these notes are subject to public information requests.

**9.  Are the carrier envelopes and applications public information?**

Yes. A copy of an application for a ballot to be voted by mail is not available for public inspection, except to the voter seeking to verify that the information pertaining to the voter is accurate, until the first business day after the election day of the earliest occurring election for which the application is submitted. Originals of the applications and carrier envelopes are not available for public inspection until those materials are delivered to the general custodian of election records after the election. [86.014]

**10. Does the EVBB separate rejected and accepted ballots?**

Yes. The EVBB needs to separate the rejected and accepted ballots. If the board did not separate rejected and accepted ballots and cannot determine which ones were accepted or rejected, the board will need to start the process over as they have the authority to do so.

**11. When is the earliest the EVBB can meet?**

This depends on the population of the county. This is the same rule if your entity is in a county with this population and conducting an election jointly. Counties with a population of less than 100,000 may convene at the end of Early Voting by Personal Appearance (3rd day before). Ballots may not be counted until after the polls open on election day. Counties with a population of 100,000 or more may convene on the 8th day before the last day of the period of early voting (12th day before). EVBB may deliver ballots to the central counting station for early counting after the end of the early voting period. Results may not be released until the close of polls on election day.

|  | Regular Ballots by Mail | Late Ballots from Outside the US | Provisional Ballots *All Late Ballots* |
|---|---|---|---|
| **Counties** with a population of <u>less</u> than 100,000 | After the end of Early Voting by Personal Appearance (3rd day before) | *Final meeting no earlier than 6th day after election day | **Final meeting no later than the 9th day after election (13th in Nov. 2020). |
| **Counties** with a population of 100,000 or <u>more</u> | The 8th day before the end of early voting (12th day before) | *Final meeting no earlier than 6th day after election day | **Final meeting no later than the 9th day after election (13th in Nov. 2020). |

**12. Is there a limit on how many times the EVBB may meet?**

No. There is no limit on the times the EVBB may meet. The clerk shall post notice each time the ballot board convenes. The clerk shall also post notice of delivery of ballots each time. The notice must remain posted 24 hours before delivery. The prescribed SOS form is AW6-6 (Mail ballots only) & AW6-7 (Mail and paper balloting materials). This notice must be posted at the main early voting polling place at least 24 hours prior to first delivery of ballots. [87.0222] In general elections for state and county officers, the county clerk/elections administrator must notify each county chair at least 24 hours of each delivery.

**13. May a vacancy be filled if EVBB has conveyed?**

Yes. A vacancy on the board shall be filled by appointment such as a vacancy for a presiding judge/alternate judge on Election Day. [32.007]

| SITUATION 1:<br>Two Ballots in One Carrier Envelope |
| --- |

**1. If you receive an envelope or package with two or more carrier envelopes from individuals registered at the same address inside may you accept the ballots?**

This depends. If you receive an envelope or package with two carrier envelopes from individuals registered at the same address inside and the carrier envelopes are separated (meaning two different carrier envelopes with two different ballots), then you may accept the ballots pending any other qualifications. If you receive an envelope or package with two or more carrier envelopes from individuals registered at the same address inside and the carrier envelopes are not separated (meaning two or more ballots are in one carrier), then you may not accept both ballots and they would be rejected. This scenario is often found when a couple mails both their ballots in the same carrier envelope.

| SITUATION 2:<br>Carrier Envelope Witness/Assistant Portion Filled out Incorrectly |
| --- |

**1. If you receive a carrier envelope with the witness/assistant portion filled out incorrectly, do you accept it?**

No. The Witness/Assistance portion must be filled out correctly.

3. If the Early Voting Clerk receives a timely carrier envelope that does not fully comply with the applicable requirements prescribed by this title, the clerk may deliver the carrier envelope in person or by mail to the voter and may receive, before the deadline, the corrected carrier envelope from the voter, or the clerk may notify the voter of the defect by telephone and advise the voter that the voter may come to the clerk's office in person to correct the defect or cancel the voter's application to vote by mail and vote on election day. If the early voting clerk chooses to do this with one voter, this must be applied uniformly to all carrier envelopes. A poll watcher is entitled to observe the procedures if this is done. This procedure may be used if the early voting clerk can determine that two carrier envelopes are in one

> **SITUTATION 3:**
> **Wrong Ballot in Wrong Carrier Envelope Delivered to Board**

These different scenarios are for a Primary/May Uniform Date Election. In the situations below this is where the county has contracted with local entities to serve as the local entities' early voting clerk, there is a concern that voters will return both ballots in a single carrier envelope.

**Scenario 1:**

The early voting ballot board ("EVBB") for the May 2, 2020 election is meeting to count ballots. They open a ballot secrecy envelope and there is a primary runoff ballot inside. As the ballot secrecy envelope would have been separated from the carrier envelope, there would be no way to determine which voter's ballot this is.

**Procedure for 1:**

This ballot cannot be counted nor retained in a carrier envelope to be forwarded to the EVBB for the runoff primary election. We suggest that the EVBB presiding judge make a notation on the ballot to explain the situation and why the ballot was not counted. The ballot should be stored in the envelope that contains the other rejected ballots (which will still be in their carrier envelopes). See Texas Election Code Section 87.043. Unfortunately, as there is no way to know which voter submitted this ballot, no notice of rejection can be sent to the voter. We note that there is no authority in the Texas Election Code ("the Code") to store a voted ballot outside of the jacket or carrier envelope. Additionally, while the EVBB qualified the voter's ballot with respect to the May 2, 2020 election, the EVBB did not qualify the ballot with respect to the runoff primary. The May 2, 2020 EVBB board does not have the authority to qualify a ballot for the runoff primary.

**Scenario 2a:**

The EVBB for the May 2, 2020 election reviews a carrier envelope (that is marked to show it is a carrier for the May 2, 2020 election) and determines it will accept the ballot. The EVBB proceeds to open the carrier envelope to remove the ballot secrecy envelope, but the ballot is not in a secrecy envelope. The EVBB is able to immediately determine that the ballot inside the carrier is a primary runoff ballot. In this scenario, the ballot is tied to a particular voter as the carrier envelope is still effectively with the ballot.

**Procedure for 2a:**

We recommend that the EVBB immediately put the ballot back in the carrier envelope and seal the envelope. The EVBB should deliver the carrier envelope to the early voting clerk, who should then place the carrier envelope in the jacket envelope for that voter for the primary runoff, ready to be forwarded to the EVBB for that election at the appropriate time. We also suggest that the presiding judge of the EVBB write a memo to detail what occurred, what actions were taken, and the date those actions were taken. The presiding judge and at least one other member of the EVBB should sign off on the memo. A copy of the memo should be placed in the voter's May 2, 2020 jacket envelope and a copy provided to the early voting clerk for placement in the voter's primary runoff jacket envelope. When the EVBB for the primary runoff election convenes and sees a carrier envelope for the May 2, 2020 election in the jacket envelope for the primary runoff, the memo will serve to inform that EVBB of what has occurred.

**Scenario 2b:**

As a corollary to scenario 2a, as the voter's May 2, 2020 carrier envelope contained the primary runoff ballot, it is possible that the primary runoff carrier contains the May 2, 2020 ballot. Can the early voting clerk take the runoff primary carrier and provide it to the May 2, 2020 EVBB for processing?

**Procedure for Scenario 2b**:

As we can identify the voter under these scenarios, and hopefully contact the voter, the chain of custody can be well established. Regarding the carrier envelope for the runoff, which presumably contains the May 2, 2020 entity ballot, we suggest that the early voting clerk call the voter (if possible) to see if voter can confirm that the May 2, 2020 ballot is probably in the runoff carrier envelope. If the voter confirms that s/he believes the ballot in the primary runoff carrier envelope is in fact the May 2, 2020 ballot (or if the early voting clerk is unable to reach voter), the early voting clerk may forward that carrier envelope to the May 2, 2020 election EVBB to process as normal, if able to do so in a timely manner. We do not recommend that the early voting clerk open the carrier envelope, with or without the voter's permission, to determine whether the carrier actually contains the May 2, 2020 ballot. Only the EVBB should be opening this carrier envelope, once the EVBB has determined that the carrier envelope was properly processed (signature comparison completed, voter eligibility determined, etc.). We do suggest that the early voting clerk write a memo to detail what occurred, what actions were taken, and the date those actions were taken, and place a copy of the memo in the voter's May 2, 2020 jacket envelope. Another copy should be placed in the voter's primary runoff jacket envelope.

**Scenario 3a:**

The EVBB for the May 2, 2020 election qualifies the carrier envelope and finds two ballots, each inside a separate ballot secrecy envelope or neither ballot in a ballot secrecy envelope.

**Procedure for Scenario 3a:**

We feel that under this limited circumstance, the EVBB may open the ballot secrecy envelopes, if used by the voter. (The EVBB has the discretion to open a ballot secrecy envelope in limited circumstances. For example, to see if there is a statement of residence included in the secrecy envelope rather than the carrier envelope. It is also not a requirement for a ballot to be in the secrecy envelope.) If one of the ballots is for the May 2, 2020 election and one is for the primary runoff election, the May 2, 2020 ballot may be counted. The primary runoff ballot cannot be counted. There is no authority for the EVBB to, for example, copy the carrier envelope for the May 2, 2020 election and place the runoff ballot back in the carrier envelope for forwarding to the primary runoff EVBB (as in scenario 2b, above). We suggest that the presiding judge of the EVBB makes a notation on the primary runoff ballot to explain the situation and why the ballot was not counted. The primary runoff ballot should be stored in the envelope that contains the rejected ballots (which will still be in their carrier envelopes). See Section 87.043. We recommend sending this voter a rejection letter, even though this EVBB is not the proper ballot board for the May 26, 2020 primary runoff ballot. As above, we recommend that a memo be written and signed by the EVBB presiding judge to detail actions taken. A copy of the memo should be placed in the voter's May 2, 2020 jacket envelope and a copy provided to the early voting clerk for placement in the voter's primary runoff jacket envelope.

**Scenario 3b:**

The EVBB for the May 2, 2020 election qualifies the carrier envelope, later discovers that the ballot secrecy envelope contains both a May 2, 2020 ballot and a primary runoff ballot.

**Procedure for 3b:**

As in 3a, the May 2, 2020 ballot may be counted, but the May 26, 2020 primary runoff ballot cannot. No notice can be sent to the voter as the identity of the voter cannot be determined by the time the error (2 ballots in one secrecy envelope) is discovered. Again, we suggest that the presiding judge of the EVBB make a notation on the rejected primary runoff ballot and store it with the rejected May 2, 2020 ballots.

---

**SITUATION 4:**
**Voters Mailing Address on ABBM is Different than Voter Registration Address on File**

---

1. If the grounds for voting by mail is either being 65 or over, or disability, and the applicant has not provided his or her official mailing address as shown on the list of registered voters as the address for mailing his or her ballot, the address provided must be that of a hospital, nursing home, other long term care facility, retirement center, or the address of a relative within the second degree of affinity or third degree of consanguinity with whom the applicant is living. If this information was not provided on the Application for Ballot by Mail, the ballot should be rejected per Section 87.041 of the Code.