**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| LINDA JANN LEWIS; MADISON LEE; ELLEN SWEETS; BENNY ALEXANDER; GEORGE MORGAN; VOTO LATINO; TEXAS STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE; and TEXAS ALLIANCE FOR RETIRED AMERICANS, | CIVIL ACTION NO. 5:20-cv-00577-OLG |
| *Plaintiffs*, | |
| v. | |
| RUTH HUGHS, in her official capacity as the Texas Secretary of State, | |
| *Defendant*. | |

**SECRETARY HUGHS'S ADVISORY REGARDING INTERLOCUTORY APPEAL**

Secretary Hughs files this advisory providing notice that her interlocutory appeal of this Court's denial of its motion to dismiss based on sovereign immunity was filed on August 7, 2020. The Secretary respectfully advises the Court of her position that the pending appeal has served to stay all proceedings in this matter.

Plaintiffs brought this lawsuit against the Secretary challenging four provisions of the Election Code governing mail-in voting in Texas on May 11, 2020. [ECF No. 1]. Secretary Hughs filed her Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, on June 3, 2020, arguing in part that sovereign immunity bars Plaintiffs' claims because the Secretary does not enforce the laws being challenged. [ECF No. 17 at 2-4]. In her motion, Secretary Hughs asserted she is protected by sovereign immunity from any cause of action arising out of the conduct described in Plaintiffs' Complaint. [ECF No. 17]. On July 8, 2020 the Court issued an order setting

scheduling deadlines to govern the preliminary injunction proceedings. On July 28, 2020, the Court issued a Memorandum Opinion and Order denying Defendant's motion and specifically rejecting Secretary Hughs's arguments as to sovereign immunity. [ECF No. 31]. Secretary Hughs filed a Notice of Interlocutory Appeal on August 7, 2020. [ECF No 32].

The filing of the notice of appeal acts to immediately divest this Court of jurisdiction to proceed against the Secretary. *See Mitchell v. Forsyth*, 472 U.S. 511, 526–27 (1985) (immunity, whether qualified or absolute, "is effectively lost" if a case is erroneously permitted to proceed at the district court level while an interlocutory appeal of a denial of immunity is pending); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). "[N]otice of interlocutory appeal following a district court's denial of a defendant's immunity defense divests the district court of jurisdiction to proceed against that defendant." *Williams v. Brooks*, 996 F.2d 728, 730 (5th Cir. 1993) (per curiam); *see also Wooten v. Roach*, 964 F.3d 395, 412 (5th Cir. 2020). Because Secretary Hughs has asserted that she is immune from all of Plaintiffs' claims, the entirety of this matter is now before the Fifth Circuit for review.

The Secretary's appeal presents a critically important question that has not been resolved by the Fifth Circuit: Whether and, if so, to what extent, *Ex parte Young*'s exception to sovereign immunity permits a lawsuit against the Texas Secretary of State raising an as-applied challenge to a provision of the Election Code that is enforced by local officials. The Fifth Circuit did not consider that question in *OCA-Greater Houston v. Texas*, 867 F.3d 604 (5th Cir. 2017). There, the Court reached a conclusion about standing to bring a facial challenge under the Voting Rights Act: "The facial invalidity of a Texas election statute is, without question, fairly traceable to and redressable by the State itself and its Secretary of State, who serves as the 'chief election officer of the state.'" *Id.* at 613. The Court pointedly

declined to address sovereign immunity, however, *id.* at 614 ("Sovereign immunity has no role to play here."), because it concluded that the State's immunity had been validly abrogated by the Voting Rights Act, *id.*

The Fifth Circuit recognized, but did not resolve, this open question of sovereign immunity when it granted a stay pending appeal in *Texas Democratic Party v. Abbott*, 961 F.3d 389 (5th Cir. 2020). There, the Court explained that the exception to sovereign immunity under *Ex parte Young*, 209 U.S. 123 (1908), permits suit against state officials only if they "have 'some connection' to the state law's enforcement." 961.F.3d at 400 (quoting *Air Evac EMS, Inc. v. Tex. Dep't of Ins.*, 851 F.3d 507, 517 (5th Cir. 2017)). But the Court expressly noted that "[t]he precise scope of the 'some connection' requirement is still unsettled." *Id.* at 400; *see also id.* at 400 n.21 (commenting that "[o]ur decisions are not a model of clarity on what 'constitutes a sufficient connection to enforcement'" (quoting *City of Austin v. Paxton*, 943 F.3d 993, 999 (5th Cir. 2019))). The Court considered it settled "that it is not enough that the official have a '*general* duty to see that the laws of the state are implemented,'" *id.* at 400–01 (quoting *Morris v. Livingston*, 739 F.3d 740, 746 (5th Cir. 2014), and that "a mere connection to a law's enforcement is not sufficient—the state officials must have taken some step to enforce," *id.* at 401. Yet the Court found no settled answer to the question of "how big a step" toward enforcement is sufficient. *Id.* at 401. Referring to *OCA-Greater Houston*, the Court stated only that "our precedent *suggests* that the Secretary of State bears a sufficient connection to the enforcement of the Texas Election Code's vote-by-mail provisions to support standing," which "in turn, *suggests* that *Young* is satisfied as to the Secretary of State." *Id.* at 401 (citing *OCA-Greater Houston*, 867 F.3d at 613) (emphasis added).

Given the admitted lack of clarity in Fifth Circuit precedent regarding the application of *Ex parte Young*, the Secretary has more than a colorable basis to appeal this Court's order denying her motion to dismiss based on sovereign immunity. Assuming for purposes of argument that *OCA-*

*Greater Houston* was correctly decided in the context of a facial challenge, the Secretary maintains that its reasoning does not control in this lawsuit. In the unlikely event that a panel of the Fifth Circuit might disagree with the Secretary's position on plenary review, the question of *OCA-Greater Houston*'s application to this case—and the validity of *OCA-Greater Houston* itself—would be ripe for review by the en banc Court.

Because the Secretary asserted sovereign immunity against all of Plaintiffs' claims and because those critical issues are now the subject of the Secretary's pending appeal,  she respectfully advises the Court of her position that the notice of appeal has divested it of jurisdiction in this matter. Plaintiffs have advised that they intend to continue with discovery, even though Secretary Hughs advised Plaintiffs that proceedings in this Court, including all discovery matters, cannot continue until the appeal is resolved. To avoid any doubt on this point, Defendant respectfully requests that the Court issue an order making clear that it lacks jurisdiction while this matter is pending on appeal. If the Court believes that it retains jurisdiction, Defendant respectfully requests an order stating the Court's understanding. Further, the Defendant stands ready to appear at status conference should the Court wish to discuss this matter.

Date: August 10, 2020

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

RYAN L. BANGERT
Deputy First Assistant Attorney General

Respectfully submitted.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN
Associate Deputy for Special Litigation

TODD LAWRENCE DISHER
Deputy Chief, Special Litigation Unit

WILLIAM T. THOMPSON
Special Counsel

MICHAEL R. ABRAMS
Assistant Attorney General

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 936-1414
Fax: (512) 936-0545
patrick.sweeten@oag.texas.gov
todd.disher@oag.texas.gov
will.thompson@oag.texas.gov
michael.abrams@oag.texas.gov

**COUNSEL FOR THE TEXAS SECRETARY OF STATE**

### CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on August 10, 2020, and that all counsel of record were served by CM/ECF.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN