FILED
August 20, 2020
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ JU
                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LINDA JANN LEWIS, MADISON LEE, ELLEN SWEETS, BENNY ALEXANDER, GEORGE MORGAN, VOTO LATINO, TEXAS STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE; and TEXAS ALLIANCE FOR RETIRED AMERICANS, *Plaintiffs*, | § | |
| v. | § | Civil Action No. 5:20-cv-00577-OLG |
| RUTH HUGHS, in her official capacity as the Texas Secretary of State, *Defendant.* | § | |

## ORDER

On this day, the Court considered the status of the above-captioned case. On July 28, 2020, the Court denied the Secretary's motion to dismiss on sovereign immunity grounds. *See* docket no. 31. For the reasons stated in that Order, the Court rejects the Secretary's argument that sovereign immunity bars Plaintiffs' claims. *See id.* at 14-17. On August 7, 2020, the Secretary appealed that Order, as the denial of sovereign immunity is immediately appealable under the collateral-order doctrine. *See* docket no. 32 (citing *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 141 (1993)). The Secretary then filed an advisory stating that her understanding of the law is that an interlocutory appeal of a denial of sovereign immunity divests this Court of jurisdiction. *See* docket no. 33 (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). In a responding advisory, Plaintiffs disagree that this Court automatically loses jurisdiction pending the outcome of the appeal, as they argue that the Secretary's appeal is frivolous and dilatory. *See* docket no. 35 (citing *Weingarten Realty*

*Inv'rs v. Miller*, 661 F.3d 904, 908 (5th Cir. 2011)). Though Plaintiffs do not file a motion to certify the appeal as frivolous, the Court will consider its jurisdiction in the interest of judicial efficiency.

As a general rule, "a notice of appeal [of an order denying immunity] . . . [gives] the appellate court sole jurisdiction and divest[s] the trial court of jurisdiction to proceed with the case." *BancPass, Inc. v. Highway Toll Admin., L.L.C.*, 863 F.3d 391, 398 (5th Cir. 2017) (quoting *United States v. Dunbar*, 611 F.2d 985, 987 (5th Cir. 1980)). In *Dunbar*, the Fifth Circuit outlined an exception to this general rule in the context of interlocutory appeals of double jeopardy: district courts may maintain jurisdiction if they certify that the appeal is frivolous. *Dunbar*, 611 F.2d at 988. In *BancPass*, the Fifth Circuit extended the availability of this exception to denials of immunity in civil cases, such as here, noting that other circuits had found it proper when a "disposition is so plainly correct that nothing can be said on the other side." 863 F.3d at 399 (quoting *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989)). The Fifth Circuit further noted that the "rule is a permissive one: the district court *may* keep jurisdiction, but is not required to do so . . . [and] '[s]uch a power must be used with restraint.'" *Id.* (quoting *Apostol*, 870 F.2d at 1339).

In light of this standard, the Court declines to exercise jurisdiction pending the outcome of the appeal.

**SIGNED** this ____ day of August, 2020.

_____
ORLANDO L. GARCIA
CHIEF UNITED STATES DISTRICT JUDGE