# United States Court of Appeals for the Fifth Circuit



FILED
SEP - 4 2020
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

No. 20-50654

LINDA JANN LEWIS; MADISON LEE; ELLEN SWEETS; BENNY ALEXANDER; GEORGE MORGAN; VOTO LATINO; TEXAS STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE; TEXAS ALLIANCE FOR RETIRED AMERICANS,

*Plaintiffs—Appellees*,

versus

RUTH HUGHS, TEXAS SECRETARY OF STATE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:20-CV-577-OLG

Before DENNIS, SOUTHWICK, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:

IT IS ORDERED that Appellees' opposed alternative motion to dismiss appeal as frivolous is DENIED.

IT IS ORDERED that Appellees' opposed motion for summary affirmance is GRANTED with respect to the district court's denial of

Case 5:20-cv-00577-OLG   Document 40   Filed 09/04/20   Page 2 of 2
Case: 20-50654   Document: 00515554072   Page: 2   Date Filed: 09/04/2020

20-50654

Appellant's motion to dismiss on grounds of sovereign immunity. Under our cases, there are "at least two circumstances under which summary disposition is necessary and proper." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). The first are cases "where time is truly of the essence" because "important public policy issues are involved or . . . where rights delayed are rights denied." The second is where the position of the party seeking that relief is "clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Id.*

Considering the parties' submissions and applicable law, particularly including this court's recent decision in *Texas Democratic Party v. Abbott*, 961 F.3d 389 (5th Cir. 2020), we are convinced that no substantial question exists in this matter with respect to whether the Texas Secretary of State bears a sufficient connection to the enforcement of the Texas Election Code's vote-by-mail provisions to satisfy *Ex parte Young*'s "some connection" requirement. *See Ex parte Young*, 209 U.S. 123, 157 (1908) (officer must have "some connection" with enforcement). In affirming the district court's determination that the Secretary of State is amenable to suit in this instance, however, we do not decide the merits of any claims made, or whether the requested injunctive relief is warranted. That assessment remains for the district court to consider on remand.